In re Charles C. McCARTHY, Debtor.

Charles C. McCarthy;  Joy V. McCarthy;  Appellants,

v.

Martha–Helen Prince, Trustee of the Prince Trust and Successor in Interest, Appellee.

BAP No. CC–98–1400–KMeB.

Bankruptcy No. SV–96–15656–AG.

Adversary No. 98–01165–AG.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Jan. 20, 1999.

Decided Feb. 2, 1999.

James R. Felton, Greenbberg & Bass, Encino, CA, for appellant.

Michael R. Rogers, Leonard, Dicker & Schreiber, Beverly Hills, CA, for appellee.

Before KLEIN, MEYERS and BRANDT, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

This appeal from the remand to state court of a removed lawsuit presents the problem of what happens when the appellant does not provide the record that the rules of procedure require.

The appellant hamstrung himself in his effort to show that the bankruptcy court erred when he failed to designate and provide us with the transcript of the oral findings of fact and conclusions of law required by Federal Rules of Bankruptcy Procedure 8006 and 8009. As the appellate record does not on its face suggest that the remand was infected by error, we AFFIRM.

### Jurisdiction

Original subject-matter jurisdiction was founded on 28 U.S.C. § 1334(b). We have jurisdiction under 28 U.S.C. § 158.

### Standard of Review

Decisions to remand under 28 U.S.C. § 1452(b) are committed to the sound discretion of the bankruptcy judge and are reviewed for abuse of discretion. *See Bethlah-my v. Kuhlman (In re ACI–HDT Supply Co.)*, 205 B.R. 231, 234 (9th Cir. BAP 1997).

### Facts

The debtor, Charles McCarthy, and his nondebtor spouse were sued in state court by a judgment creditor, Martha–Helen Prince ("Prince"), to recover a debt that the bankruptcy court had determined to be nondischargeable under 11 U.S.C. § 523(a)(4).

In the state court lawsuit, Prince asserted four causes of action: fraudulent transfer; liability under California Family Code § 1000; liability under California Code of Civil Procedure § 708.210; and declaratory relief. The goal of the action was to reach property in the hands of the nondebtor spouse.

The debtor removed the state court action to bankruptcy court pursuant to 28 U.S.C. § 1452(a). Prince filed a motion to remand the action to state court, citing both abstention under 28 U.S.C. § 1334(c) and remand under the "any equitable ground" standard of 28 U.S.C. § 1452(b).

The bankruptcy court ordered the action remanded to state court following a hearing at which it rendered findings of fact and conclusions of law orally on the record. Those findings have not been made part of the appellate record. The ensuing order directed a remand and made no mention of abstention.

The debtor appealed.

### Discussion

This appeal smacks of ships passing in the night. The order remands a lawsuit to the state court whence it was removed under 28 U.S.C. § 1452, which permits remand on "any equitable ground." 28 U.S.C. § 1452(b). The appellant ignores § 1452(b) and, instead, attempts to debate mandatory abstention under 28 U.S.C. § 1334(c)(2) and to question Prince's standing to pursue the fraudulent conveyance count.

## I

The key procedural problem in this appeal is that the appellant failed to designate and provide record materials that are required by

governing rules of procedure. The face of the remand order reflects that the court made findings of fact and conclusions of law orally on the record. No transcript of the court's oral findings of fact and conclusions of law was designated for inclusion in the appellate record, and no copy was provided in the appendix to the appellant's brief.

■ Federal Rule of Bankruptcy Procedure 8006 requires that an appellant designate a record that includes both "any opinion, findings of fact, and conclusions of law of the court" and any transcript that will be needed. Fed.R.Bankr.P. 8006. These items are mandatory, not optional. The appellant did neither.

■ Whenever findings of fact and conclusions of law are rendered orally on the record, it is mandatory that an appellant designate the transcript under Rule 8006. There is no other way for an appellate court to be able to fathom the trial court's action.

■ Similarly, Federal Rule of Bankruptcy Procedure 8009(b)(5) requires that in any appeal to a bankruptcy appellate panel there be an appendix of excerpts of the record that includes the "opinion, findings of fact, or conclusions of law filed or delivered orally" by the court. Fed.R.Bankr.P. 8009(b)(5). This is also mandatory, not optional. The appellant's appendix omits the findings and is, as a matter of law, incomplete. *See Kritt v. Kritt (In re Kritt)*, 190 B.R. 382, 386 (9th Cir. BAP 1995); *Burkhart v. FDIC (In re Burkhart)*, 84 B.R. 658, 661 (9th Cir. BAP 1988). The burden is on the appellant.

■ The court's oral findings on the remand order unambiguously qualify as findings of fact and conclusions of law within the meaning of Rule 8006. They are the findings that are required under Federal Rule of Civil Procedure 52(a), which applies in bankruptcy contested matters by way of Federal Rules of Bankruptcy Procedure 9014 and 7052. And a motion to remand is a contested matter governed by Rule 9014. Fed.R.Bankr.P. 9027(d).

■ The appellant's failure to provide the one document that would directly identify the manner in which the bankruptcy court exercised its discretion entitles us to dismiss this appeal. *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir.1991); *Southwest Administrators, Inc. v. Lopez*, 781 F.2d 1378, 1378–80 (9th Cir.1986).

If we do not dismiss, we are entitled to presume that the appellant does not regard the court's findings of fact and conclusions of law as helpful to his appeal. *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 680–81 (9th Cir. BAP 1994), *aff'd mem.*, 92 F.3d 1192 (9th Cir.1996).

■ Here, we will exercise our discretion to examine what record we have been provided. In doing so, we look for any plausible basis upon which the bankruptcy court might have exercised its discretion to do what it did. If we find any such basis, then we must affirm.

## II

■ The statutory standard for remand under 28 U.S.C. § 1452(b) is "any equitable ground." 28 U.S.C. § 1452(b). And a bankruptcy court's decision to remand under that provision can be reviewed only by a district court or a bankruptcy appellate panel, and not by a court of appeals or by the Supreme Court. *Id.; Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995).

■ This "any equitable ground" remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes. *See Chambers v. Marathon Home Loans (In re Marathon Home Loans)*, 96 B.R. 296, 299–300 (E.D.Cal. 1989).

■ At bottom, the question is committed to the sound discretion of the bankruptcy judge. It follows that the standard of review is abuse of discretion.

Thus, in our review of the record, we look for abuse of discretion—handicapped as we are by the omission from the record of the court's findings of fact and conclusions of law—and must affirm if we can find any

418

plausible basis that would support the court's exercise of discretion to remand.

 Here, that task is easy. All counts in the four-count complaint are grounded upon state law. Two of them are purely statutory theories (California Family Code § 1000 and California Code of Civil Procedure § 708.210) that do not commonly arise in bankruptcy. Federal subject-matter jurisdiction over the counts is merely concurrent with state courts and is not exclusive. 28 U.S.C. § 1334(b); *Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913 (Bankr.E.D.Cal.1995). To the extent they are asserted against a non-debtor party (Mrs. McCarthy), jurisdiction is more attenuated. State courts are, by definition, fully competent to resolve disputes governed by state law. Nor is the outcome of the action likely to impair the ability of the trustee to distribute the estate.

Any of these, and a host of other reasons, would justify an exercise of discretion to order remand under 28 U.S.C. § 1452(b). There is no hint of error.

Accordingly, we must affirm.

### III

The balance of the issues raised by the appellant lack substantial merit.

 The fact that a fraudulent transfer action might be a "core proceeding" under 28 U.S.C. § 157(b)(2) does not equate to exclusive federal jurisdiction. Rather, there is concurrent federal and state jurisdiction over fraudulent transfer actions and many other core proceedings. 28 U.S.C. § 1334(b); *see Franklin*, 179 B.R. 913. There is nothing wrong with letting a state court decide a matter over which it has concurrent jurisdiction.

 Mandatory abstention under 28 U.S.C. § 1334(c)(2) would be pertinent only if the record established that the court both abstained and did so only because it thought it had no choice. An erroneous conclusion that abstention is mandated by 28 U.S.C. § 1334(c)(2) would necessarily be harmless if the court would also have abstained as mat-

ter of discretion under 28 U.S.C. § 1334(c)(1).

Here, the failure to supply the transcript of the court's findings of fact and conclusions of law again comes to the fore. All we have to go on is the court's actual order, which does not mention abstention and which does not hint that it was refusing to abstain voluntarily. The absence of the findings of fact and conclusions of law warrants the conclusion that the court's findings would not be helpful to the appellant on the question of abstention. *Gionis*, 170 B.R. at 680–81.

 Nor does Prince's standing to prosecute a fraudulent transfer action affect our review of the remand issue. Indeed, since a fraudulent transfer by the debtor to his spouse can only be unraveled and recovered for the benefit of creditors, one questions the standing of the debtor to challenge Prince's standing. The remand order does not depend upon issues of standing. In any event, whether Prince or the bankruptcy trustee is the real party in interest can be resolved in state court.

### Conclusion

Since the appellate record indicates that there were reasons upon which a bankruptcy judge could legitimately base an exercise of discretion to remand under § 1452(b), the order remanding the civil action in question is AFFIRMED.