In re William DRYSDALE, Debtor.

William Drysdale, Appellant,

v.

Educational Credit Management Corporation, Appellee.

BAP No. NC–99–1737–RyMeP.
Bankruptcy No. 490–4409 JT.
Adversary No. 98–4972 AJ.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 24, 2000.

Decided April 14, 2000.

William Drysdale, Pittsburg, CA, pro se appellant.

Miriam E. Hiser, San Francisco, CA, for Educational Credit Management Corp.

Before: RYAN, MEYERS, and PERRIS, Bankruptcy Judges.

---

**OPINION**

RYAN, Bankruptcy Judge.

William P. Drysdale ("Debtor") filed a complaint (the "Complaint") against Educational Credit Management Corporation ("ECMC") to determine the dischargeability of a consolidation loan (the "Consolidation Loan") under § 523(a)(8).[1]  After a hearing on cross motions for summary judgment based on stipulated facts, the court held that the Consolidation Loan was a nondischargeable student loan.  Debtor timely appealed.

We AFFIRM.

## I.  FACTS

In November 1987, Debtor executed a consolidation loan promissory note to consolidate the following student loans (the "Student Loans"):  (1) a Citibank loan with a balance of $8,392.14 incurred while attending the University of San Francisco, where Debtor graduated in 1970;  (2) a University of the Pacific loan with a balance of $4,635.28 incurred while Debtor attended McGeorge School of Law;  and (3) an A.F.S.A. loan with a balance of $1,061.40 incurred while Debtor attended Lincoln University Law School, where Debtor graduated in 1983.

On September 7, 1990, Debtor filed a chapter 7 bankruptcy petition.  On his schedules, Debtor listed a $15,139 debt owed to C.M.S.C., the predecessor in interest to ECMC.  Debtor received his chapter 7 discharge on January 4, 1991 (the "Discharge Order").

In December 1998, after reopening the bankruptcy case, Debtor filed the Complaint.  The Complaint alleged that ECMC had attempted to collect on its debt in violation of the discharge injunction and requested that the court determine the dischargeability of the Consolidation Loan under § 523(a)(8).  The parties filed cross

---

1.  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.  All rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

motions for summary judgment based on a joint stipulation of the above facts.

After a hearing, the court entered a judgment determining the Consolidation Loan to be nondischargeable under § 523(a)(8). Debtor timely appealed the judgment.

## II. ISSUE

Whether the court erred in granting summary judgment in favor of ECMC.

## III. STANDARD OF REVIEW

■ A motion for summary judgment is reviewed de novo. *See Parker v. Saunders (In re Bakersfield Westar, Inc.),* 226 B.R. 227, 231 (9th Cir. BAP 1998).

## IV. DISCUSSION

*The Court Did Not Err in Granting Summary Judgment in Favor of ECMC.*

■ As a preliminary matter, we note that Debtor has failed to provide an adequate record to facilitate our review of this appeal. Rule 8009 requires that Debtor include "[a]ny motion and response on which the court rendered decision." FED. R.BANK.P. 8009(b). The burden of providing an adequate record on appeal is on the appellant. *See Kritt v. Kritt (In re Kritt),* 190 B.R. 382, 387 (9th Cir. BAP 1995). Although Debtor provided a copy of the Complaint, answer, joint stipulation of facts, and a transcript of the hearing, he failed to provide copies of the motions for summary judgment and related pleadings.

■ In reviewing a motion for summary judgment, we must review the record that was before the bankruptcy court de novo. *See Parker,* 226 B.R. at 231. Here, Debtor's failure to provide copies of the papers and evidence that were before the bankruptcy court hampers our review. The requirement of providing an adequate record is mandatory, and as a matter of law, the record is incomplete. *See McCarthy v. Prince (In re McCarthy),* 230 B.R. 414, 417 (9th Cir. BAP 1999). Debtor's

failure to comply with this requirement entitles us to take such action as we deem appropriate. *Id.; see also* FED.R.BANKR.P. 8001(a) (stating that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal").

■ Here, we will exercise our discretion to review the issue on appeal because the parties stipulated to the pertinent facts and ECMC has not contended that Debtor has raised any arguments for the first time on appeal. We therefore turn to the merits of the appeal.

The version of § 523(a)(8) that was in effect when Debtor filed his bankruptcy petition provided that

[a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523(a)(8) (1990). Debtor and ECMC stipulated that (1) the Student Loans had first come due more than five years prior to the filing of Debtor's petition and (2) the Consolidation Loan had come due within the five-year period. Therefore, the bankruptcy court had to determine whether the five-year repayment period was calculated from the date that the Consolidation Loan first became

due or from the dates that repayment on the Student Loans commenced.

The court held that the five-year period set forth in § 523(a)(8) was calculated from the date that the Consolidation Loan first became due and that the dates that the Student Loans first became due were irrelevant. In making this decision, the court cited *Hiatt v. Indiana State Student Assistance Comm.*, 36 F.3d 21, 24 (7th Cir.1994), and *Rudnicki v. Southern College of Optometry (In re Rudnicki)*, 228 B.R. 179, 181 (6th Cir. BAP 1999). The court held that this case law could be retroactively applied, citing *Coopers & Lybrand v. Sun-Diamond Growers of Cal.*, 912 F.2d 1135 (9th Cir.1990). The court therefore entered judgment in favor of ECMC and held that the Consolidation Loan was `nondischargeable under § 523(a)(8).

On appeal, Debtor contends that the court erred in giving retroactive effect to judicial decisions holding that the date that a consolidation loan first became due is the relevant date for determining dischargeability under § 523(a)(8). Debtor also contends that the court erred by (1) holding the Consolidation Loan nondischargeable because the Discharge Order had res judicata effect and (2) calculating the five-year period from the date that the Consolidation Loan first became due rather than the dates that the Student Loans first became due. We disagree.

1. *The Principle of Retroactivity Is Irrelevant in This Appeal.*

■ On appeal, Debtor alleges that case law in existence when he filed his bankruptcy petition provided that for purposes of determining the dischargeability of a consolidation loan under § 523(a)(8), the

relevant dates were the dates that the loans that were consolidated first became due, rather than the date that repayment on a consolidation loan first became due. Debtor acknowledges that judicial decisions published subsequent to the filing of his bankruptcy petition uniformly provide that the repayment period is calculated from the date a consolidation loan first became due, but argues that this law should not be retroactively applied.

It is well-established that judicial decisions are generally retroactively applied, although there are limited exceptions to this principle.[2] *See Coopers & Lybrand,* 912 F.2d at 1138. Retroactivity of a judicial decision is only at issue where the case establishes a new principle of law or overrules past precedent and the case is binding on the court making the determination of whether to apply it retroactively. However, at the time Debtor's bankruptcy case was filed, there was no controlling Ninth Circuit authority regarding the relevant dates for determining dischargeability of a consolidation loan under § 523(a)(8). Indeed, there was still no controlling Ninth Circuit authority on the issue that bound the bankruptcy court so that it was free to look to the law of other circuits for guidance. *See Gunther v. County of Wash.,* 623 F.2d 1303, 1319 (9th Cir.1979) (stating that "[a]lthough we look to the reasoning of other circuits and district courts for guidance, we are bound only by decisions rendered in this circuit"), *aff'd,* 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981). Although a bankruptcy court within the Ninth Circuit held that the dischargeability of a consolidation loan under § 523(a)(8) depends on the date that the consolidation loan first became due, *see Saburah v. United States Dep't of Educ. (In re Sabu-*

---

**2.** In order to be excepted from this general principle,

"[t]he case must (1) establish a new principle of law, either by deciding an issue of first impression or by overruling clear past precedent; (2) state a rule for which retroactive application would retard more than further the rule's operation in light of its

prior history, purpose, and effect; and (3) avoid injustice or hardship if applied only prospectively and produce substantial inequitable results if applied retroactively."

*Coopers & Lybrand,* 912 F.2d at 1138 (quoting *Orozco v. United Air Lines, Inc.,* 887 F.2d 949, 952–53 (9th Cir.1989)).

*rah),* 136 B.R. 246, 252–53 (Bankr.C.D.Cal. 1992), that decision is not binding on any other court in the Ninth Circuit, including other bankruptcy courts. *See Starbuck v. City and County of San Francisco,* 556 F.2d 450, 457 n. 13 (9th Cir.1977) (stating that "[t]he doctrine of stare decisis does not compel one district court judge to follow the decision of another"). Therefore, the absence of any binding authority renders the principle of retroactivity inapplicable to this appeal.

### 2. *The Discharge Order Had No Res Judicata Effect on the Dischargeability of the Consolidation Loan.*

■ Debtor contends that (1) the Discharge Order was res judicata as to the dischargeability of the Student Loan and (2) the court was therefore bound by that order pursuant to the doctrine of stare decisis. We disagree.

Section 727(b) provides that "[e]xcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter." 11 U.S.C. § 727(b). Pursuant to Rule 4007(c), a complaint to determine the dischargeability of a debt under section § 523(a)(8) may be brought at any time.[3] *See* FED. R.BANKR.P. 4007(b). Because a discharge is limited to prepetition debts that are not excepted from discharge under § 523 and Rule 4007(c) permits an action to determine dischargeability of a debt under

§ 523(a)(8) to be brought at any time, the Discharge Order was not res judicata as to the dischargeability of the Consolidation Loan.[4] Therefore, Debtor's argument that the Discharge Order prevented the court from determining the dischargeability of the Consolidation Loan is without merit.

### 3. *The Court Did Not Err in Determining That the Consolidation Loan Was Nondischargeable Under § 523(a)(8).*[5]

■ As indicated above, the version of § 523(a)(8) in effect when Debtor filed his bankruptcy petition excepted from discharge educational loans unless "such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition." 11 U.S.C. § 523(a)(8)(A) (1990). In interpreting this section, its plain meaning is conclusive unless "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

> In determining whether the [five]-year period begins to run on the date the original loans came due or the date the consolidated loan first became due, it is clear from a plain reading of § 523(a)(8)(A) that Congress meant 'such loan' to be the loan that a debtor seeks to have discharged.

**3.** Rule 4007(b) provides that "[a] complaint other than under § 523(c) may be filed at any time." FED.R.BANKR.P. 4007(b). Section 523(c) provides that

> [e]xcept as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of this section; unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section. 11 U.S.C. § 523(c)(1).

**4.** Indeed, the Discharge Order stated that Debtor was only "released from all dischargeable debts." Discharge Order (Jan. 4.1991).

**5.** Based on the opening brief filed by Debtor, who is representing himself, it was unclear whether Debtor was arguing that, notwithstanding his argument regarding retroactive application of case law, the court erred in determining that the relevant date for purposes of § 523(a)(8) was the date that the Consolidation Loan first became due. At oral argument, ECMC indicated that it believed Debtor had preserved this issue and Debtor stated that he had intended to preserve it.

*Levernier v. Student Loan Mktg. Ass'n (In re Levernier)*, 244 B.R. 458, 463–64 (Bankr.C.D.Cal.1999) (citing 11 U.S.C. § 523(a)(8)(A)).[6] This same conclusion was reached by the Seventh Circuit in *Hiatt*, 36 F.3d at 24–25, and by the Sixth Circuit Bankruptcy Appellate Panel in *Rudnicki*, 228 B.R. at 181. Based on a plain reading of the statute, we similarly adopt this interpretation of § 523(a)(8). We acknowledge, as did the court in *Hiatt*, that this interpretation may "serve to extend the total nondischargeability period significantly in some cases by effectively restarting it at the time the subsequent consolidation loan first becomes due" but believe that this extension "does not render that interpretation 'demonstrably at odds with' Congress'[s] intent to curtail abuse and to promote the viability of the federal student loan program." *Hiatt*, 36 F.3d at 24.

Accordingly, the court did not err in holding that the relevant date for determining dischargeability of the Consolidation Loan was the date that the Consolidation Loan first became due.

## V. CONCLUSION

In sum, the absence of any controlling Ninth Circuit authority renders irrelevant Debtor's argument that the court erred in retroactively applying judicial decisions because there were no decisions that it was required to follow.

Additionally, the Discharge Order did not have any res judicata effect on the dischargeability of the Consolidation Loan because Debtor was only discharged from dischargeable debts and a complaint to determine dischargeability under § 523(a)(8) can be brought at any time.

Last, the bankruptcy court did not err in holding that the relevant date for determining dischargeability of the Consolida-

tion Loan was the date that loan first became due and not the date that the Student Loans first became due.

AFFIRMED.

---

6. *See also Saburah*, 136 B.R. at 252 (stating that "[i]f Congress had intended to use the date that earlier loans first became due as the start of the [five] year period, then Congress could have and should have ... stated that such loan was dischargeable if 'such loan or any earlier loan on the same subject' first became due more than [five] years before the date of filing of the petition").