In re Brian T. WILLIAMS and Suong Williams, Debtors.

Sallie Mae Servicing, LP, Appellant,

v.

Brian T. Williams; Suong Williams; Robert K. Morrow, Inc, Chapter 7 Trustee; United States Trustee, Appellees.

BAP No. OR–02–1314RYMAH.
Bankruptcy No. 301–37709–TMB7.
Adversary No. 01–03381–TMB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 20, 2002.

Filed Dec. 20, 2002.

Carolyn G. Wade, Hershner, Hunter, Andrews, Eugene, OR, for Sallie Mae Servicing, LP.

Before: RYAN, MARLAR, and HARGROVE,[1] Bankruptcy Judges.

## *OPINION*

RYAN, Bankruptcy Judge.

After Brian and Suong Williams ("Debtors") filed a chapter 7[2] petition, they filed a complaint (the "Complaint") to discharge Brian's student loan debts under § 523(a)(8). Subsequently, the bankruptcy court entered a default judgment (the "Judgment") against Sallie Mae Servicing, LP. ("Sallie Mae").

Sallie Mae filed a motion (the "Motion") to set aside the Judgment. After a hearing, the bankruptcy court entered an order (the "Order") denying the Motion. Sallie Mae timely appealed.

We AFFIRM.

---

1. Hon. John J. Hargrove, Chief Bankruptcy Judge for the Southern District of California, sitting by designation.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

## I. FACTS

Debtors sought to discharge Brian's student loan debts under § 523(a)(8).[3] Debtors served the summons and Complaint on Sallie Mae by mail.

According to Sallie Mae, both the summons and Complaint were mailed to its registered agent, CT Corporation. CT Corporation sent an email informing Sallie Mae about the adversary proceeding. It also sent, by Federal Express, the original summons and Complaint to Robert Lavet, Sallie Mae's senior vice president and deputy general counsel. The Federal Express tracking system indicated that the summons and Complaint were received by Sallie Mae. J. Chapman, Sallie Mae's former mail clerk, signed for the Federal Express parcel. However, Sallie Mae alleged that it did not receive the summons and the Complaint, and that they were lost. Sallie Mae did not answer the Complaint and the bankruptcy court entered the Judgment against it.[4]

Sallie Mae explained that it first learned of the Complaint upon notice of the Judgment on December 10, 2001. Upon receiving notice, Sallie Mae contacted its counsel the next day.[5] Nonetheless, it waited 81 days before filing the Motion on March 1, 2002.

In the Motion, Sallie Mae argued that the Judgment should be set aside under Federal Rule of Civil Procedure ("FRCP") 60(b)(1) because its failure to respond to the Complaint was "excusable neglect." Sallie Mae also argued that the Judgment should be set aside under FRCP 55(c)[6] because its conduct was not culpable, it had a meritorious defense, and vacating the Judgment would not be prejudicial to Debtors. It also sought an order under Rule 9006(b)(1)[7] to enlarge the time to allow it to file an answer.[8]

---

3. Section 523(a) provides in pertinent part:

 A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

 . . . .

 (8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

 . . . .

 11 U.S.C. § 523(a)(8).

4. Sallie Mae has not provided in the appellate record (the "Record") a copy of the Judgment.

5. According to Sallie Mae, it requested from Debtor a copy of the summons and Complaint, but did not receive them until January 8, 2002.

6. FRCP 55(c), incorporated by Rule 7055, provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. Proc. 55(c).

7. Rule 9006(b)(1) provides:

 Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules of by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

 Fed. R. Bankr. P. 9006(b)(1).

8. In the Motion, Sallie Mae attached an answer to the Complaint and asserted several affirmative defenses. It argued that Debtors would be able to sustain a minimal standard of living even if they were forced to repay the student loan debts. In addition, Sallie Mae

■ After a hearing, the bankruptcy court entered the Order. The bankruptcy court found that Sallie Mae was properly served with the summons and Complaint.[9] The bankruptcy court also found that Sallie Mae failed to answer the Complaint because the summons and Complaint were lost. According to the bankruptcy court, the Motion was not timely filed because "[d]espite the fact that [Sallie Mae] had actual knowledge of the entry of the [d]efault order as of December 11, 2001, [Sallie Mae] failed to file a response or motion to set aside that default until March 1, 2002." Order Denying Motion to Set Aside Default Order (Apr. 30, 2002), at 2. Because the bankruptcy court held that Sallie Mae's failure to file a timely Motion was not the result of excusable neglect, it denied the Motion and entered the Order. Sallie Mae timely appealed.[10]

## II. ISSUE

Whether the bankruptcy court abused its discretion in denying the Motion on the grounds that it was not timely filed.

---

claimed that Debtors did not make a good faith effort to repay the loan.

9. The bankruptcy court found that the summons and Complaint were served on Sallie Mae on October 22, 2001. However, Sallie Mae indicated that its agent, CT Corporation, did not receive the Complaint until October 25, 2001.

10. We note that the bankruptcy court arguably failed to follow the separate judgment rule of Rule 9021, which requires that "[e]very judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document." FED. R. BANKR. P. 9021. The Order contained the findings of fact, and it was not followed by an additional document entering judgment. Nonetheless, the document was clearly intended as the final disposition of the case, stating "IT IS HEREBY ORDERED that [Sallie Mae's] Motion to Set Aside Default Order is denied." Order Denying Motion to Set Aside Default Order (Apr. 30, 2002), at 2.

## III. STANDARD OF REVIEW

■ We review the bankruptcy court's denial of a motion to set aside the default judgment for an abuse of discretion. *See U.S. v. Real Prop.*, 135 F.3d 1312, 1314 (9th Cir.1998).

## IV. DISCUSSION

*The Bankruptcy Court Did Not Abuse Its Discretion in Denying the Motion.*

■ Initially, we note that an appellant has the burden of providing an adequate Record. *See Drysdale v. Educ. Credit Mgmt. Corp. (In re Drysdale)*, 248 B.R. 386, 388 (9th Cir.BAP2000). This requirement is mandatory, and "failure to comply with this requirement entitles us to take such action as we deem appropriate." *Id.* (citation omitted). Thus, we may dismiss an appeal if the Record is inadequate for review. *See McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (9th Cir. BAP 1999). Alternatively, we may review

---

The separate judgment rule, however, does not always require the filing of two separate documents. *See U.S. v. Schimmels (In re Schimmels)*, 85 F.3d 416, 421 (9th Cir.1996). "[W]hen a court enters a short order that clearly constitutes a final decision, that short order meets the separate judgment rule." *Id.* To the extent the purpose of the rule is to "promote certainty as to the relatively short time that a party has to appeal a final order," the rule is satisfied here. *Id.* Apparently, Sallie Mae treated the Order as final and timely appealed.

In any event, the separate judgment requirement is not jurisdictional and can be easily waived. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384–85, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). On appeal, Sallie Mae did not argue the lack of a separate judgment. As such, Sallie Mae waived its right to require entry of a separate judgment. *Id.* at 386, 98 S.Ct. 1117.

the appeal by simply looking "for any plausible basis upon which the bankruptcy court might have exercised its discretion to do what it did. If we find any such basis, then we must affirm." *Id.*

 Rule 8009(b) requires the appellant to include a complete transcript of the relevant proceedings. FED. R. BANKR. P. 8009(b)(9). Here, Sallie Mae has not provided us with the transcript of the hearing which was held on the Motion. As such, we do not know the bankruptcy court's basis, if any, for finding the Motion untimely. To the extent that we require all transcripts necessary for an adequate review, Sallie Mae has not complied. *See* 9th Cir. BAP Rule 8006–1; *see also Abrams v. Sea Palms Assocs., Ltd. (In re Abrams),* 229 B.R. 784, 789 (9th Cir. BAP 1999). Accordingly, the Record is inadequate as a matter of law. *See* FED. R. BANKR. P. 8009; *see also Drysdale,* 248 B.R. at 388.

Notwithstanding an inadequate Record, we decline to dismiss the appeal on that ground. The Order provides us with an indication of the bankruptcy court's reasoning for denying the Motion. Therefore, we will exercise our discretion to review this appeal by examining the Record provided to us. In so doing, we are simply looking "for any plausible basis upon which the bankruptcy court might have exercised its discretion to do what it did." *McCarthy,* 230 B.R. at 417. We will affirm if we find any such basis. *Id.*

Here, the bankruptcy court entered the Order because the Motion was not timely filed and such failure was not the result of excusable neglect. On appeal,[11] Sallie Mae contends that the bankruptcy court erred in applying an incorrect legal standard and abused its discretion in denying the Motion. We disagree.

Rule 9024 makes FRCP 60 applicable in bankruptcy cases and provides for the relief from judgment in certain circumstances:

Rule 60. Relief from Judgment or Order

. . . .

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party of a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . . The motion shall be made within a *reasonable time,* and for reason[ ] (1) . . . not more than one year after the judgment, order, or proceeding was entered or taken . . . .

FED. R. CIV. PROC. 60(b) (emphasis added).

 Therefore, a FRCP 60(b)(1) motion must be made within a "reasonable time" not longer than one year after entry of judgment. *Id.* However, the bankruptcy court can deny such motion even if it is filed within one year if "the defendant was guilty of laches or unreasonable delay." *Meadows v. The Dominican Republic,* 817 F.2d 517, 520–21 (9th Cir.1987).

 The Ninth Circuit has held that the standard for determining whether a FRCP 60(b)(1) motion is filed within a

---

**11.** In the Motion, Sallie Mae sought relief under both FRCP 55(c) and FRCP 60(b). On appeal, Sallie Mae contends only that the bankruptcy court abused its discretion in denying the Motion under FRCP 60(b)(1). As such, Sallie Mae waived any grounds for relief under FRCP 55(c). *See Brooks v. City of San Mateo,* 229 F.3d 917, 922 n. 1 (9th Cir. 2000) (citation omitted) ("On appeal, arguments not raised by a party in its opening brief are deemed waived"). Regardless, we note that the same grounds for relief apply to both FRCP 55(c) and FRCP 60(b). *See Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 513 (9th Cir.1986).

"reasonable time" requires a case-by-case analysis. *See Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir.1981). Such determination takes into consideration "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Id.* (citations omitted).

### 1. Interest in Finality

 A FRCP 60(b)(1) motion guides the balance between "the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." *TCI Group Life Ins. v. Knoebber,* 244 F.3d 691, 695 (9th Cir.2001). Therefore, even though FRCP 60(b) motions are liberally construed, "there is a compelling interest in the finality of judgments which should not lightly be disregarded." *Pena v. Seguros La Comercial,* 770 F.2d 811, 814 (9th Cir.1985). Where the time for filing an appeal to the underlying judgment has expired, the interest in the finality of judgments is to be given great weight in determining whether a FRCP 60(b)(1) motion is filed within a "reasonable time." *See Ashford,* 657 F.2d at 1055.

 Rule 8002 provides in pertinent part:

(a) Ten-day period. The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from . . . .

(b) Effect of motion on time for appeal. If a party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the

last such motion outstanding. This provision applies to a timely motion:

. . . .

(4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment. . . .

FED. R. BANKR. P. 8002(a)–(b).

The general rule is that a notice of appeal must be filed within 10 days of the entry of a judgment. *See* FED. R. BANKR. P. 8002(a). However, the time to appeal is automatically extended if a timely motion is made under Rule 9024. *See* FED. R. BANKR. P. 8002(b). At that point, the 10-day period commences when the Rule 9024 motion is decided. *See* FED. R. BANKR. P. 8002(b). However, Rule 8002(b) applies only to Rule 9024 motions filed within 10 days after entry of the judgment. *Id.*

The Judgment was entered on December 6, 2001. Sallie Mae learned of the Judgment on December 10, 2001. It could have immediately moved for reconsideration under Rule 9024 and effectively stayed the appeal period and finality of the Judgment until its Motion was decided. Instead, it waited and filed the Motion on March 1, 2002. Because the time for appealing the Judgment expired before the Motion was filed, this factor weighed against a finding that the Motion was filed within a "reasonable time." *See Ashford,* 657 F.2d at 1055.

### 2. Reason for Delay

On appeal, Sallie Mae contends that the Motion was timely because it was filed within one year after entry of the Judgment. But a FRCP 60(b) motion must also be made within a "reasonable time." FED. R. CIV. PROC. 60(b).

Sallie Mae learned about the Judgment on December 10, 2001.[12] It waited 81 days

---

**12.** The bankruptcy court found that Sallie Mae received notice of the Judgment on De-

before filing the Motion. There was no explanation for the delay other than it "worked diligently from December 11, 2001 until the motion to set aside was ready to be filed." Appellant's Opening Brief (Aug. 29, 2002), at 5.

With no copy of the transcript available, we cannot know whether Sallie Mae offered an explanation for the delay at the hearing that had evidentiary support.[13] Sallie Mae bears the burden of providing an adequate Record. *See Drysdale,* 248 B.R. at 388. Thus, we cannot say that the bankruptcy court lacked a plausible basis in exercising its discretion as it did. This factor also pointed to an untimely Motion.

### 3. The Litigant's Practical Ability to Learn of the Grounds Relied Upon in the Motion

Sallie Mae admitted that it had knowledge of the Judgment as of December 10, 2001. Therefore, the grounds alleged in the Motion were known to Sallie Mae immediately after the entry of Judgment. Because "[n]othing impeded [Sallie Mae's] awareness of the court's ruling and of all the relevant facts and law," this factor also favored a finding of an untimely Motion. *Ashford,* 657 F.2d at 1055.

### 4. Prejudice to Debtors

We acknowledge that Debtors offered no evidence to establish any prejudice if the Motion was granted. Debtors would certainly incur costs to litigate the merits of their case had there been no default. Arguably, they obtained a windfall by not having to do so. This factor, therefore, favored Sallie Mae's request to approve the Motion.

The majority of the *Ashford* factors support a finding that the Motion was untimely. Thus, there exists a "plausible basis upon which the bankruptcy court might have exercised its discretion to do what it did." *McCarthy,* 230 B.R. at 417. We cannot say that the bankruptcy court abused its discretion in denying the Motion because it was untimely.[14] *See Meadows,* 817 F.2d at 520–21.

## V. CONCLUSION

In sum, the bankruptcy court did not abuse its discretion in denying the Motion because it was not filed within a reasonable time.

AFFIRMED.

---

cember 11, 2001. However, Sallie Mae admitted that it learned of the Judgment on December 10, 2001.

**13.** During oral argument on this appeal, when questioned as to why it waited 81 days before filing the Motion, Sallie Mae first explained that it had to wait almost a month before receiving the summons and Complaint from Debtor. Nonetheless, Sallie Mae conceded that its office was in close proximity to the courthouse and that it could have easily obtained a copy. Further, Sallie Mae explained that it delayed its filing of the Motion because it relied on the practice that default judgments are routinely set aside. In any event, it appears that Sallie Mae had no good

reason for the delay because it ultimately admitted that its associate did not act promptly.

**14.** Because the bankruptcy court did not abuse its discretion in denying the Motion based on the fact that it was untimely filed, we need not reach the issue as to whether Sallie Mae's conduct amounts to "excusable neglect" under FRCP 60(b)(1).

Further, it is important to note that a FRCP 60(b) motion should be filed promptly as it is within each bankruptcy judge's discretion to determine whether a particular delay in filing a FRCP 60(b) motion is "reasonable." *Ashford,* 657 F.2d at 1055.