FILED

DEC 04 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-15-1077-KuKiTa |
| ) | |
| RAJINDER KUMAR JAWA and DEBRA ) | Bk. No.   13-25539 |
| LYNN JAWA, ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| SPICE 4 LIFE, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| JASON M. RUND, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Appellee, ) | |
| _____ ) | |

Argued and Submitted on November 19, 2015
at Pasadena, California

Filed – December 4, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Ernest M. Robles, Bankruptcy Judge, Presiding

_____

Appearances:   Dennis Winters argued for appellant Spice 4 Life;
Thomas H. Casey argued for appellee Jason M. Rund,
chapter 7 trustee.

_____

Before: KURTZ, KIRSCHER and TAYLOR, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

In February 2014, the bankruptcy court granted the motion of chapter 7[1] trustee Jason Rund to revoke the debtors' living trust. Just under a year later, in February 2015, Spice 4 Life filed a motion pursuant to Rule 9024 and Civil Rule 60(b) seeking relief from the trust revocation order. The bankruptcy court denied Spice 4 Life's motion for relief, and Spice 4 Life appealed.

Even if we were to reverse the order denying Spice 4 Life's motion for relief, as a matter of equity, we cannot provide Spice 4 Life with any effective or meaningful relief. Accordingly, we DISMISS this appeal as moot. Alternately, even if we were to reach the merits of this appeal, we would AFFIRM because the facts in the record do not justify any relief under Civil Rule 60(b).

**FACTS**

The controversy underlying this appeal has its roots in a trust transfer deed executed, notarized and recorded in June 2012. On its face, the deed transferred legal title to commercial real property located in Los Feliz, California from Spice 4 Life to the debtors' living trust. Based on this deed, Rund filed a motion in the debtors' bankruptcy case seeking to revoke the debtors' living trust. In his revocation motion, Rund explicitly stated that he sought to revoke the trust in order to

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

"obtain clear title to the Los Feliz Property" so that he "could market it for sale" on behalf of the debtors' chapter 7 bankruptcy estate. Rund also explicitly requested in the motion that the court enter an order "confirming the assets of the Debtors' Trust are property of the bankruptcy estate."

Rund did not serve a copy of the trust revocation motion on Spice 4 Life, but he did serve Spice 4 Life at three different addresses with a copy of his notice of motion. Spice 4 Life has not disputed its receipt of this notice. In the summary on the first page of the notice, Rund identified the Los Feliz property by street address and asserted that the debtors' trust held title to that property. The summary further stated: "Granting this Motion is in the best interests of the estate because upon the revocation of the Debtors' Trust, the Bankruptcy Trustee can obtain clear title to the Los Feliz Property in order to market it for sale." Notice of Motion (Nov. 26, 2013) at p. 1.

Immediately following the summary, the notice provides a detailed account of the contents and claimed legal effect of the June 2012 trust transfer deed. Among other things, the notice stated that, on June 6, 2012, "the Trust Transfer Deed was executed and recorded with the Los Angeles County Recorder's Office, which transferred title to the Los Feliz Property from Rajinder Kumar Jawa and Spice 4, Life, Inc. to the 'Kumar Jawa Revocable Living Trust Agreement as a Trustee.'" Id. In the two last paragraphs of the notice, Rund advised interested parties that they could obtain a copy of the trust revocation motion by making a written request to Rund's counsel of record and that any party wishing to contest the motion needed to timely file a

3

response at least fourteen days before the January 13, 2014 scheduled hearing date or any objection to the motion they might have "shall be deemed waived."

The hearing on the trust revocation motion was twice continued, once from January 13, 2014 to January 15, 2014 and the second time from January 15, 2014 to February 5, 2014.[2] As a result, interested parties were given over two months advance notice of the hearing and were given over forty-five days to file an opposition to the motion. Spice 4 Life never filed any response to the motion.

After holding a hearing on the unopposed trust revocation motion, the bankruptcy court entered its trust revocation order. As originally requested in the trust revocation motion, the order explicitly stated that the Los Feliz property was property of the estate.[3]

Roughly six months elapsed before Rund filed his motion to sell the Los Feliz property. Only then did Spice 4 Life file an opposition arguing that the trust transfer deed was invalid and that it owned the Los Feliz property. The parties filed lengthy papers, including declarations and documentary evidence, in support of their respective positions regarding Spice 4 Life's claimed ownership of the Los Feliz property.

---

[2]The filings reflecting the continuance of this hearing were not included in the parties' excerpts of record, but we can and do take judicial notice of the documents attached to the bankruptcy court's electronic docket in the underlying bankruptcy case. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957–58 (9th Cir. 1989).

[3]The trust revocation order was not served on Spice 4 Life.

4

After holding a hearing, the bankruptcy court entered its order granting Rund's sale motion on September 30, 2014. In granting the sale motion, the bankruptcy court rejected Spice 4 Life's ownership claim on two alternate grounds. First and foremost, the bankruptcy court held that Spice 4 Life had forfeited its ownership claim by doing nothing to assert that claim in response to Rund's trust revocation motion. According to the court, in conjunction with the trust revocation motion, Spice 4 Life had ample notice of Rund's position: (1) that the Los Feliz Property was owned by the debtors' trust at the time of their bankruptcy filing; and (2) that the Los Feliz property would become property of the debtors' bankruptcy estate if the court granted the trust revocation motion. The bankruptcy court therefore concluded that, to the extent Spice 4 Life contended that it owned the Los Feliz property, Spice 4 Life should have opposed the trust revocation motion. As the court explained, the trust revocation order was a final order that had become nonappealable due to the passage of time. The court noted that Spice 4 Life had stated in its sale motion opposition that it intended to file a motion for relief from the trust revocation order under Rule 9024 and Civil Rule 60(b); however, as the court further noted, Spice 4 Life never followed through on its stated intent to file the motion for relief, and there was nothing in the record indicating sufficient grounds for such relief.

Alternately, the bankruptcy court found that, even if Spice 4 Life had not forfeited its argument that it owned the Los Feliz property, the evidence in the record supported the bankruptcy estate's ownership claim and did not support Spice 4

5

Life's ownership claim.

The debtors, Spice 4 Life and others appealed the sale order, but in an order issued in March 2015, this Panel dismissed those appeals as moot. (BAP Nos. CC-14-1461, CC-14-1477 and CC-14-1479.) In so ruling, we held that the sale had been consummated and could not be unwound. Our appeal dismissal order is final and has become nonappealable because the appeal period has expired without any of the parties filing a notice of appeal.

After the bankruptcy court entered its sale order, Spice 4 Life waited another four months before it filed its motion for relief from the trust revocation order under Rule 9024 and Civil Rule 60. In the motion for relief, Spice 4 Life admitted it had received Rund's notice of his trust revocation motion but also contended that Rund's notice did not apprise it of Rund's position that Spice 4 Life had no interest in the Los Feliz property. As Spice 4 Life reasoned, Rund also should have served the full trust revocation motion on it.

In addition, Spice 4 Life for the first time argued that Rund had utilized the wrong procedure when he sought to revoke the trust. According to Spice 4 Life, because Rund's trust revocation motion sought a determination as to whether the estate owned the Los Feliz property, Rund should have commenced an adversary proceeding under Rule 7001(2) to obtain a determination of the estate's interest in the Los Feliz property, rather than relying on contested matter motion procedures under Rule 9014 to seek such a determination. In addition, Spice 4 Life reiterated many of the same contentions regarding ownership of the Los Feliz property it had asserted in its sale motion opposition.

As grounds for relief from the trust revocation order, Spice 4 Life claimed: (i) that the trust revocation order was the product of mistake, inadvertence, surprise, or excusable neglect (citing Civil Rule 60(b)(1)); (ii) that the trust revocation order was void because its due process rights were violated (citing Civil Rule 60(b)(4)); and (iii) that Spice 4 Life should be granted relief from the trust revocation order under the catch-all provision for relief from a judgment or order (citing Civil Rule 60(b)(6)).

The bankruptcy court rejected each of Spice 4 Life's asserted grounds for relief. In a detailed memorandum decision, the bankruptcy court once again ruled, as it had when it granted the sale motion, that Spice 4 Life was provided with ample notice of the trust revocation motion and that it failed to raise the issue of its claimed ownership of the Los Feliz property in response to the trust revocation motion.

In addition, the bankruptcy court held that Spice 4 Life was not entitled to Civil Rule 60(b) relief under any of the grounds asserted because its motion for relief was not filed within a reasonable amount of time. The bankruptcy court pointed out that the motion for relief was filed on the eve of the one-year anniversary of the entry of the trust revocation order. As the bankruptcy court further explained, Spice 4 Life certainly was aware of the need to seek relief from the trust revocation order no later than September 4, 2014, when it stated in its opposition to the sale motion that it intended to file the motion for relief. As the court further pointed out, the record from the sale motion proceedings reveals that Spice 4 Life already was

7

aware at that time of all of the alleged facts on which it relied in support of its motion for relief. And yet, the court noted, Spice 4 Life still waited another several months – until February 18, 2015 – before it filed the motion for relief. Nothing that Spice 4 Life presented to the bankruptcy court explained why Spice 4 Life waited so long to act.

In addition, the bankruptcy court explicitly found that, if it were to excuse Spice 4 Life's inexplicable delay, the debtors, their bankruptcy estate, their creditors, and the purchaser of the Los Feliz property all would be prejudiced. The court focused on the fact that, in reliance on the finality of the trust revocation order, Rund expended a substantial amount of estate funds in negotiating the sale of the Los Feliz property to the prospective purchaser and in filing and litigating the sale motion.

The bankruptcy court also expressly rejected Spice 4 Life's due process/voidness arguments. According to the court, in light of the ample notice of the trust revocation motion given to Spice 4 Life and in light of the ample opportunity Spice 4 Life was given to litigate its ownership claim in conjunction with both the trust revocation motion and the sale motion, Spice 4 Life was afforded with ample due process. The court further concluded that the use of contested matter procedures rather than adversary proceeding procedures did not prejudice Spice 4 Life and, at worst, amounted to harmless error. The court further concluded that, to the extent Spice 4 Life objected to the procedures employed by the bankruptcy court, the appropriate time to raise those objections would have been in a direct response to

the trust revocation motion.

On February 23, 2015, the bankruptcy court entered its order denying Spice 4 Life's motion for relief, and Spice 4 Life timely filed a notice of appeal.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). Subject to the mootness analysis set forth below, we have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

1. Is this appeal moot?

2. To the extent this appeal is not moot, did the bankruptcy court abuse its discretion when it denied Spice 4 Life's motion for relief from the trust revocation order?

**STANDARDS OF REVIEW**

Mootness is an issue that we have an independent duty to examine, and we review that issue de novo. Hunt v. Imperial Merch. Servs., Inc., 560 F.3d 1137, 1141 (9th Cir. 2009).

We review the bankruptcy court's order denying Spice 4 Life's motion for relief under Civil Rule 60(b) for an abuse of discretion. United States v. Estate of Stonehill, 660 F.3d 415, 443 (9th Cir. 2011); Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503 F.3d 933, 939 (9th Cir. 2007). The bankruptcy court abuses its discretion if it applies an incorrect legal rule or it makes findings of fact that are illogical, implausible or without support in the record. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

We may affirm the bankruptcy court on any ground supported by the record. See Hartmann v. Cal. Dep't of Corr. & Rehab.,

9

707 F.3d 1114, 1121 (9th Cir. 2013).

**DISCUSSION**

**A.    Mootness Issue**

Generally speaking, there are two forms of mootness that can arise in bankruptcy cases. Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.), 771 F.3d 1211, 1215 (9th Cir. 2014). One form arises from Article III of the Constitution and renders us powerless to hear the appeal when it is impossible for us to grant meaningful relief. Id. The other form is a prudential, judge-made rule that permits courts to decline to hear a matter when granting the requested relief would be inequitable. JPMCC 2007-C1 Grasslawn Lodging, LLC v. Transwest Resort Props., Inc. (In re Transwest Resort Props., Inc.), 801 F.3d 1161, 1167 (9th Cir. 2015); Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 880 (9th Cir. 2012).

In this appeal, we are not presented with a situation where it necessarily would be impossible to afford meaningful relief to Spice 4 Life. Instead, we are confronted with the issue of whether, as a matter equity, we should not grant any relief. Citing In re Thorpe Insulation Co., this Panel already has dismissed as equitably moot the multiple appeals taken from the bankruptcy court's sale order. As we explained there, it would be inequitable at this point to unwind the sale of the Los Feliz property. We further concluded that the appeals from the sale order were moot notwithstanding the appellants' arguments that Rund likely will seek to invoke the preclusive effect of the sale order in future proceedings anticipated to address who is entitled to the net proceeds from the sale of the Los Feliz

10

property.  As the appellants stated:

> While Appellants believe they have the right to make a claim on the proceeds, as long as the Judge's [sale] order and findings stand, the Trustee is certain to use the Dismissal to assert res judicata and collateral estoppel as to any such claim.

See Motion for Rehearing on Dismissal (March 26, 2015) in BAP Nos. CC-14-1461, CC-14-1477 and CC-14-1479, at p. 4.

Our prior determination that the sale order appeals were moot is consistent with Ninth Circuit case law holding that the hypothetical preclusive effect of a mooted judgment or order in future proceedings generally is insufficient to invoke the collateral legal consequences exception to the mootness doctrine. Ctr. for Biological Diversity v. Lohn, 511 F.3d 960, 965 (9th Cir. 2007) (citing Pilate v. Burrell (In re Burrell), 415 F.3d 994, 999 (9th Cir. 2005)); see also In re Marroquin, 2013 WL 2250245, at *4 (Mem. Dec.) (9th Cir. BAP May 22, 2013).

For the same reasons we determined that the sale order appeals were equitably moot, Spice 4 Life's current appeal – its appeal from the order denying relief from the trust revocation order – also is moot.  Even if we were to reverse, Spice 4 Life cannot at this point unwind the sale of the Los Feliz property. Nor does the potential preclusive effect of the bankruptcy court's ownership ruling alter our mootness determination.  We reached the same holding in our dismissal of the sale order appeals and that holding is law of the case.

In any event, it is easy enough to dispose of the substantive issues raised by this appeal.  Thus, as a separate and independent basis for denying Spice 4 Life any relief on appeal, we hold that, for the reasons set forth below, the

11

bankruptcy court did not commit reversible error when it denied Spice 4 Life's motion for relief.

## B.   Civil Rule 60(b)(1) – Mistake, Inadvertence, Surprise, or Excusable Neglect

Spice 4 Life argues that the bankruptcy court should have granted it relief from the trust revocation order under Civil Rule 60(b)(1).  But Spice 4 Life did not identify in its opening appeal brief which specific aspect of Civil Rule 60(b)(1) relief it was relying upon – mistake, inadvertence, surprise, or excusable neglect.  Even so, we can affirm the bankruptcy court's ruling on this issue without focusing on any specific aspect of Civil Rule 60(b)(1) relief.

Here, the bankruptcy court denied Civil Rule 60(b)(1) relief because it concluded that Spice 4 Life's motion for relief was not filed within a reasonable time, as required by Civil Rule 60(c)(1).  In Sallie Mae Serv., LP v. Williams (In re Williams), 287 B.R. 787, 792-93 (9th Cir. BAP 2002), the Panel stated that the timeliness determination under Civil Rule 60(c)(1) requires a "case-by-case analysis" that takes into account "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."  Id. (citing Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981)).

The bankruptcy court's ten-page memorandum decision amply demonstrates that the bankruptcy court duly considered all of the appropriate factors.  The bankruptcy court specifically and comprehensively discussed the length of the delay, the reason for the delay, whether the delay was within Spice 4 Life's control,

12

and prejudice to other parties. The court found that all of these factors demonstrated that Spice 4 Life had not filed its request for relief within a reasonable time. Nothing in the record indicates that those findings were illogical, implausible or without support in the record.

In short, the bankruptcy court correctly denied Spice 4 Life relief under Civil Rule 60(b)(1).

## C. Civil Rule 60(b)(4) – Void Order Based on Lack of Due Process

Spice 4 Life also contends that the bankruptcy court should have granted it relief under Civil Rule 60(b)(4). According to Spice 4 Life, the trust revocation order was void for want of due process. An absence of due process can render an otherwise final judgment or order void, and there is no time limit for bringing a Civil Rule 60(b)(4) motion. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 269-70 (2010); 11 Charles Alan Wright, Arthur R. Miller et al., FEDERAL PRACTICE AND PROCEDURE § 2866 & n.4 (3d ed. 2015).

But not all procedural errors render a judgment or order void. In order to render the judgment or order void, the procedural error must deprive the adverse party of due process, which requires "notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Espinosa, 559 U.S. at 272 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); GMAC Mortg. Corp. v. Salisbury (In re Loloee), 241 B.R. 655, 660 (9th Cir. BAP 1999).

13

Spice 4 Life contends that the bankruptcy court violated its due process rights by not requiring Rund to prosecute the trust revocation motion in compliance with adversary proceeding procedures. We agree with Spice 4 Life that there are significant differences between adversary proceeding procedures under Rules 7001, et seq. and contested matter procedures under Rule 9014. See Ung v. Boni (In re Boni), 240 B.R. 381, 385-86 (9th Cir. BAP 1999). But we disagree with Spice 4 Life that the bankruptcy court violated its due process rights by not adhering to adversary proceeding procedures.

Assuming without deciding that the bankruptcy court should have required compliance with adversary proceeding procedures, noncompliance at most deprived Spice 4 Life of a procedural right, but it did not deprive Spice 4 Life of due process. The Espinosa court explained why this is so. When as here the adverse party had actual notice of the relief sought in the original motion and that notice was sufficient to apprise the adverse party of the relief sought in a manner reasonably calculated to afford that party with an opportunity to present its objections, due process concerns are not implicated. Espinosa, 559 U.S. at 272.

Spice 4 Life argues that the notice it received – Rund's detailed notice of motion – did not adequately apprise Spice 4 Life of what was at stake. According to Spice 4 Life, Rund's written notice of motion was inadequate for due process purposes because the notice did not specifically state that Rund sought a determination that Spice 4 Life did not own the property. We disagree. In the notice of motion, Rund explicitly asserted that

14

the Los Feliz property was owned by the debtor's living trust by virtue of the June 2012 trust transfer deed, which transferred title from Spice 4 Life to the trust. Rund also explicitly asserted that revocation of the trust was in the best interests of the debtors' bankruptcy estate because, upon revocation, the estate would obtain clear title to the Los Feliz property and then would be able to market the property for sale. Rund's assertions were fundamentally incompatible with Spice 4 Life's ownership claim, and Rund's stated intent to sell the Los Feliz property was patently adverse to Spice 4 Life's ownership claim. In light of these circumstances, we reject Spice 4 Life's argument that it received insufficient notice for due process purposes, and we hold that the bankruptcy court correctly denied Spice 4 Life relief under Civil Rule 60(b)(4).

**D.    Civil Rule 60(b)(6) – Other Grounds Justifying Relief**

Finally, Spice 4 Life argues that the bankruptcy court should have granted it relief from the trust revocation order pursuant to Civil Rule 60(b)(6), which is a catchall provision that permits courts to grant relief from judgments and orders on equitable grounds not covered by the other provisions of Civil Rule 60(b). See Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503 F.3d 933, 940 (9th Cir. 2007); Lyon v. Agusta S.P.A., 252 F.3d 1078, 1088–89 (9th Cir. 2001). However, Civil Rule 60(b)(6) is to be used sparingly and only to prevent manifest injustice. Int'l Fibercom, 503 F.3d at 941; United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). Consequently, courts only should grant Civil Rule 60(b)(6) relief when "extraordinary circumstances prevented

15

a party from taking timely action to prevent or correct an erroneous judgment." Int'l Fibercom, 503 F.3d at 941; see also Alpine Land & Reservoir, 984 F.2d at 1049.

Here, the bankruptcy court found that Spice 4 Life had ample notice and opportunity to oppose the trust revocation motion but that Spice 4 Life inexplicably failed to do so. The record supports the bankruptcy court's finding, and there is nothing in the record indicating any extraordinary circumstances that prevented Spice 4 Life from timely opposing the trust revocation motion. Accordingly, the bankruptcy court did not commit reversible error by denying Spice 4 Life relief under Civil Rule 60(b)(6).

**CONCLUSION**

For the reasons set forth above, Spice 4 Life's appeal of the bankruptcy court's order denying relief from the trust revocation order is DISMISSED as moot. Alternately, even if we were to reach the merits of this appeal, we would AFFIRM.