**In re ENRON CORP., Debtor.**

**Citigroup, Inc., et al., Appellants,**

**v.**

**Pacific Investment Management Co., LLC, et al., Appellees.**

**Citigroup, Inc., et al., Appellants,**

**v.**

**OCM Opportunities Fund III, L.P., et al., Appellees.**

**Nos. SACV 03–306–GLT, CV–03–1820. Adversary Nos. AD02–2084(JB), AD02–2927(AA).**

United States District Court, C.D. California, Southern Division.

July 3, 2003.

Ronald J. Nessim, John K. Rubiner, Paul S. Chan, Bird, Marella, Boxer & Wolpert, Los Angeles, CA, for Citigroup, Inc., Citicorp, Citibank, N.A., Citicorp North America, Inc., and Salomon Smith Barney, Inc.

Jerry L. Marks, Jeffrey A. Richmond, Michael L. Cypers, Heller, Ehrman, White & McAuliffe, Los Angeles, CA, for Credit Suisse First Boston, Inc., Credit Suisse First Boston (USA), Inc., Credit Suisse First Boston Corp., and Donaldson, Lufkin & Jenrette Securities Corp.

Bryan A. Merryman, White & Case, Los Angeles, CA, for Deutsche Banc Alex Brown, and Deutsche Bank Securities, Inc.

Gerald Edward Hawxhurst, Chet Alan Kronenberg, Simpson, Thacher & Bartlett, Universal City, CA, for J P Morgan Chase & Co., J P Morgan Securities, Inc., and J P Morgan Chase Bank.

Philip E. Cook, Jones Day, Los Angeles, CA, for Lehman Brothers Holding, Inc. and Lehman Brothers, Inc.

Stephen Young, Stacey Garrett, Keesal, Young & Logan, Long Beach, CA, for The

Bear Stearns Companies, Inc. and Bear Stearns & Co.

Robert A. Sacks, Brendan P. Cullen, Sullivan & Cromwell, Los Angeles, CA, for UBS Warburg LLC.

J. Michael Hennigan, Donald F. Woods, Jr., Shawna L. Ballard, Bruce R. MacLeod, Robert L. Palmer, Hennigan, Bennett & Dorman, Los Angeles, CA, for Appellees.

## RULING ON APPEAL

TAYLOR, District Judge.

### I. BACKGROUND

This appeal involves two of the more than 100 actions that have been filed across the country following the collapse of the Enron Corporation. Plaintiffs seek to recover losses they allegedly sustained in connection with their purchase of notes offered by Enron and Enron-sponsored entities. Appellants are the banks who allegedly distributed these notes. Enron and the Enron-sponsored entities are not parties to the suits. Both lawsuits were filed in California state court based on California securities and unfair competition laws; and removed to the United States Bankruptcy Court.

Pacific Investment is headquartered in Newport Beach, California. OCM's general partner has its principal place of business in Los Angeles, California.

After removing the cases to the Bankruptcy Court [1] Appellants sought transfers of venue to the New York Bankruptcy Court, while Plaintiffs moved for remand to state court. The Bankruptcy Courts entered virtually identical orders remanding both cases.

---

1. The OCM case was before Judge Ahart. The Pacific Investment case was before Judge Barr.

## II. DISCUSSION

### A. Standard of Review

 A district court reviews the bankruptcy court's findings of fact for clear error. Fed. R. Bankr.P. 8013. A bankruptcy court's conclusions of law are reviewed de novo. *In re Kold Kist Brands, Inc.*, 158 B.R. 175, 178 (C.D.Cal. 1993). Questions of bankruptcy court jurisdiction are reviewed de novo. *Id.*

### B. Jurisdiction

█ Bankruptcy courts have jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. § 1334(b). Appellants argue these cases are related to the Enron bankruptcy cases, which arise under title 11, because Enron is contractually required to indemnify them against claims arising from untrue statements or alleged untrue statements of material facts in the offering materials. Several of the appellants have asserted their indemnity and contribution rights by filing proofs of claim in the Enron bankruptcy case.

█ "A proceeding relates to a pending bankruptcy case if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Fietz*, 852 F.2d 455, 457 (9th Cir.1988) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)). The outcome of this case could conceivably have an effect on Enron's bankruptcy estate. Enron is contractually obligated to indemnify Appellants if they are found liable. This obligation will give rise to a claim against the bankruptcy estate.

Other courts have held that a defendant's claim against a debtor for contractual indemnity gives rise to "related to" bankruptcy jurisdiction. *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir.1997); *Williams v. Shell Oil Co.*, 169 B.R. 684, 689–90 (S.D.Cal.1994); *Nat'l Acceptance Co. v. Levin*, 75 B.R. 457, 458 (D.Ariz. 1987). These holdings are in accord with dicta in *Pacor. See* 743 F.2d at 995 (Implying there would be "related to" jurisdiction if there had been a contractual indemnity claim in that case).

The Court concludes "related to" bankruptcy jurisdiction exists.

### C. Remand

█ Bankruptcy courts have broad discretion to remand cases over which they otherwise have jurisdiction on any equitable ground. 28 U.S.C. § 1452(b).

█ Courts generally consider up to fourteen factors in deciding whether to remand a case to state court.[2] *Davis v. Life Inv. Ins. Co. of Am.*, 282 B.R. 186, 194 n. 7 (S.D.Miss.2002). These factors counsel in favor of remand. State law issues predominate because the claims involved are exclusively California state law claims.

2. The factors are (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

There is no basis for federal jurisdiction other than section 1334. These proceedings, which do not involve Enron, Enron-related entities, or any of their respective officers or directors, are only remotely related to the bankruptcy proceedings. The exclusively state law claims are non-core.[3] The plaintiffs have demanded a jury trial, which cannot be provided by the bankruptcy court. None of the parties to these cases are debtors. Comity dictates that California courts should have the right to adjudicate the exclusively state law claims involving California-centric plaintiffs and California-centric transactions.

These considerations can be summed up in this principle: "[w]hen a state court proceeding sounds in state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling." *In re United Container LLC,* 284 B.R. 162 (Bankr.S.D.Fla.2002).

The Court has also considered the additional factors cited by Appellants, and finds most of these factors are either neutral or weigh in favor of remand. This litigation would have little potential impact on the orderly administration of the bankruptcy estate, so that factor is neutral. The just-filed posture of these lawsuits is neutral—whatever this Court does, another court will have to familiarize itself with and manage the case. California courts have more expertise in interpreting California law, so this factor weighs in favor of remand. The Iowa District Courts remanded the actions to the Iowa state courts on virtually the same facts, so consistency favors remand.

In light of the foregoing, it is appropriate to remand the case to state court.

---

**3.** A core proceeding is one that (1) involves a cause of action created or determined by a statutory provision of title 11; or (2) would have no existence outside of the bankruptcy. *City of Moreno Valley v. Century TCI Cal., L.P.,*

---

D. *Transfer*

Because the Court finds remand appropriate, it does not consider Appellants' motion to transfer.

## III. *DISPOSITION*

The decision of the bankruptcy court is AFFIRMED.

No. EDCV 02–1387–VAP(SGLx), 2003 U.S. Dist. LEXIS 4490, * 6 (Mar. 21, 2003). This proceeding is not based on any provision of title 11, and would have arisen regardless of Enron's bankruptcy.