**CARPENTERS PENSION TRUST FOR SOUTHERN CALIFORNIA,**
Plaintiff,

v.

**Bernard J. EBBERS, et al., Defendants.**

**No. CV 03–04878 CBM(MCX).**

United States District Court,
C.D. California,
Western Division.

Sept. 9, 2003.

William S. Lerach, David C. Walton, Darren J. Robbins, Spencer A. Burkholz, Milberg, Weiss, Bershad, Hynes & Lerach, San Diego, CA, Patrick J. Coughlin, Randi D. Bandman, Milberg, Weiss, Bershad, Hynes & Lerach, San Francisco, CA, for Plaintiff.

Chet Alan Kronenberg, Simpson, Thacher & Bartlett, Universal City, CA, Darrel J. Hieber, Jason D. Russell, Skadden, Arps, Slate, Meagher & Flom, Los Angeles, CA, Jay B. Kasner, Cyrus Amir–Mokri, Skadden, Arps, Slate, Meagher & Flom, New York City, Heather C. Beatty, David M. Balabanian, Bingham McCutchen, Los Angeles, CA, for Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND OR ABSTAIN; AND GRANTING DEFENDANTS' MOTION TO STAY (docket # 13 & # 16)

MARSHALL, Chief Judge.

The matters before the Court, the Honorable Consuelo B. Marshall, Chief, United States District Judge, presiding, are: (1) Plaintiff's Motion to Remand or to Abstain; and (2) Defendants' Motion to Stay. The matters were taken under submission without oral argument. Upon consideration of the papers submitted, the Court **DENIES** Plaintiff's Motion to Remand or to Abstain; and **GRANTS** Defendants' Motion to Stay.

## JURISDICTION

The Court finds it has jurisdiction pursuant to 28 U.S.C. § 1334.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Carpenters Pension Trust For Southern California purchased Worldcom, Inc. ("Worldcom") bonds. After Worldcom filed for bankruptcy on July 21, 2002, Plaintiff sued several banks that served as underwriters for Worldcom bonds, several officers and directors of Worldcom, and Arthur Andersen, LLP (collectively "Defendants"). Plaintiff asserts a single claim under section 11 of the Securities Act of 1933 ("1933 Act").

On July 9, 2003, Defendants removed this action to federal court pursuant to 28 U.S.C. §§ 1334 and 1452 as an action that is "related to" Worldcom's bankruptcy proceeding. The action was transferred to this Court pursuant to General Order 224. Plaintiff timely filed a Motion to Remand or to Abstain, and Defendants filed a Motion to Stay Proceedings Pending Determination of the Multidistrict Litigation

("MDL") Panel. Timely oppositions and replies were filed for each motion.

On August 26, 2003, the MDL Panel issued a conditional transfer order. Transfer of this case to the MDL will become effective on September 10, 2003.

## PLAINTIFF'S MOTION TO REMAND

### I. "Related To" Jurisdiction

■ When a case is removed to federal court, subject matter jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.,* 159 F.3d 1209, 1213 (9th Cir.1998). Under 28 U.S.C. § 1452, a party may remove a claim or cause of action to the district court for the district where the claim is pending if the district court has jurisdiction of the claim under 28 U.S.C. § 1334. *See* 28 U.S.C. § 1452. Section 1334 establishes original jurisdiction in the district courts for claims that are, *inter alia,* "related to cases under title 11." 28 U.S.C. § 1334.

■ A proceeding is "related to" title 11 when "'the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *In re Fietz,* 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)); *see In re Daniels–Head & Assoc.,* 819 F.2d 914, 918 (9th Cir.1987) (noting that by enacting § 1334, Congress intended to extend a broad jurisdictional grant). Courts in the Ninth Circuit have held that a defendant's claim for contractual indemnity against an entity in bankruptcy gives rise to "related to" jurisdiction. *See In re Enron Corp.,* 296 B.R. 505, 2003 WL 21637908 (C.D.Cal. 2003); *In re Sizzler Rests. Intl., Inc.,* 262 B.R. 811, 818–819 (Bankr.C.D.Cal.2001) (holding that employee indemnification provides an adequate basis for "related to"

jurisdiction even though indemnification was conditioned on a subsequent proceeding).

■ The Ninth Circuit views "related to" jurisdiction broadly, and the indemnification agreements here are sufficient to trigger federal subject matter jurisdiction, even if the indemnification is not automatic. Moreover, Worldcom's Reorganization Plan has not been confirmed, and since jurisdiction is determined at the time of removal, Plaintiff's argument that the Plan moots jurisdiction is without merit. The fact that Worldcom may have some legal defenses against claims for indemnification does not alter that such claims could conceivably have some effect on Worldcom's bankruptcy. Therefore, the Court finds that Defendants' indemnity contracts and contributory rights are sufficient to establish "related to" jurisdiction.

### II. Propriety of Removal

■ Section 22 of the Securities Act of 1933 states: "Except as provided in section 77p(c) of this title [pertaining to class action suits], *no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed* to any court of the United States." 15 U.S.C. § 77v(a) (as amended 1998) (emphasis added).

■ However, 28 U.S.C. § 1452(a) provides:

*A party may remove any claim or cause of action in a civil action* other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a) (emphasis added). Section 1334(b) vests district courts with original jurisdiction in cases "related to" a bankruptcy proceeding. *See* 28 U.S.C. § 1334(b). A court must strictly construe the removal statute, resolving any ambiguity in favor of remand. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988).

The plain meanings of section 22(a) and section 1452 clearly conflict. *See Tennessee Consol. Ret. Sys. v. Citigroup, Inc.*, 2003 U.S. Dist. LEXIS 10266, *7 (Dist. Tenn.2003). District courts have taken three different approaches when considering the conflicting language of section 22(a) and section 1452. *Compare In re WorldCom*, 293 B.R. 308, 331 (S.D.N.Y. 2003) (holding removal was proper because section 1452 trumps section 22(a)); *with Tenn. Consol. Ret. Sys.*, 2003 U.S. Dist. LEXIS 10266 at *10 (holding removal was improper because section 22(a) trumps section 1452); *and Bd. of Trs. of Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.*, 244 F.Supp.2d 900 (N.D.Ill.2002) (finding the issue of removal of a 1933 Act claim under section 1452 legally difficult, and staying the case pending transfer to a MDL court).

Most recently, the conflict between section 22(a) and section 1452, was addressed in *In re Global Crossing, Ltd. Sec. Litig.*, 2003 WL 21659360 (S.D.N.Y.2003). The *Global Crossing* court addressed the same arguments presented here and reasoned that "[i]n resolving such a conflict, a court must consider the timing, purpose, and scope of each enactment." *Id.* at *2. The court explained that the general rule is that "the more recently enacted statute will control where it conflicts with a prior law." *Id.* at *3.

The *Global Crossing* court then explained the statutory time-line. After 1933, section 22(a) prohibited removal of cases brought under the Securities Act of 1933. *See id.*

In 1984, however, Congress modified that scheme, by permitting the removal, without exception for Securities Act cases, of actions "related to" bankruptcy. The rule of recency thus favors the conclusion that the bankruptcy removal statute, enacted in 1984, controls over the Securities Act's prohibition on removal, enacted in 1933.

*Id.*

The Plaintiff here, like the plaintiffs in *Global Crossing*, argues that the 1998 amendment of § 22(a), as part of the SLUSA, provides the relevant date for determining recency. However, the *Global Crossing* court dealt with this argument persuasively:

The scope of the SLUSA amendment to § 22(a) was narrow: SLUSA was passed by Congress for the purpose of closing a loophole in the Private Securities Litigation Reform Act of 1995 ("PSLRA") that permitted "many class action plaintiffs [to] avoid[ ] the stringent procedural hurdles erected by PSLRA by bringing suit in state rater than federal court." Thus this amendment was intended to address only what Congress perceived to be pressing unsolved problems relating to securities class actions, and does not reflect a "recent indication of congressional intent" regarding the fourteen-year-old conflict between § 1452 and would be ironic indeed to read the provision of SLUSA, which was passed for the purpose of *expanding* federal jurisdiction (albeit in a specific, narrow way) to permit greater coordination of overlapping securities actions in federal courts, as implicitly *contracting* federal jurisdiction by reversing, without comment in either text or legislative history, the bankruptcy removal statute's effect on the prior removal scheme.

*Id.* (citations omitted) (emphasis and alterations in original).

As explained in *Global Crossing*, SLUSA was enacted to make federal court the exclusive forum for class actions alleging fraud in the sale of certain covered securities. *See Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 108 (2d Cir. 2001). When enacting SLUSA, Congress found that:

> [I]n order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995, it is appropriate to enact national standards for securities *class action lawsuits* involving nationally traded securities, while preserving the appropriate enforcement powers of State securities regulators and *not changing the current treatment of individual lawsuits.*

Pub.L. No. 105–353, § 2(5) (quoted in *Lander*, 251 F.3d at 108 n. 4) (emphasis added). Congress apparently did not consider the conflict between section 22(a) and section 1452 when enacting SLUSA and explicitly declined to change the treatment of individual lawsuits. Therefore, the relevant date for the most recent expression of Congressional intent remains the enactment of section 1452.

Plaintiff's principal other argument for remand, that section 22(a) is more specific than section 1452, is not persuasive. Each statute states a general rule and specific exceptions to the rule. *See In re Global Crossing, Ltd. Securities Litigation v. Arthur Anderson*, 2003 WL 21659360, *2 (S.D.N.Y.2003).[1] Moreover, the two cases

holding that non-removable claims under the Jones Act may not be removed under section 1452 did not analyze the conflict in the removal provisions at all, and the weight of evidence of Congressional intent in the enactment of SLUSA seems to outweigh the contrary opinions of these cases.

Therefore, the Court **DENIES** Plaintiff's Motion to Remand.

## II. PLAINTIFF'S MOTION TO ABSTAIN OR EQUITABLY REMAND

In the alternative, Plaintiff requests that the Court abstain under 28 U.S.C. § 1334(c)(1), but permissive abstention under § 1334(c)(1) can only exist when there is a parallel proceeding in state court. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen, & Helpers*, 124 F.3d 999, 1009–1010 (9th Cir.1997). Because Plaintiff has not identified any parallel state proceeding, the Court declines to abstain.

Plaintiff also requests that the Court remand under 28 U.S.C. § 1452(b), which allows for remand on equitable grounds. *See* 28 U.S.C. § 1452(b). Plaintiff argues that Worldcom's reorganization plan moots "related to" jurisdiction, and that Congressional intent of the 1933 Act allows plaintiffs to sue in state court. However, the propriety of removal is determined at the time of removal and given the potential judicial economy of consolidating this action in the MDL court, the Court declines to remand on equitable grounds.

## III. Defendants' MOTION TO STAY

When considering a motion to stay, the district court should consider

---

1. Plaintiff's contention that the "otherwise expressly provided by Act of Congress" language in section 1441(a) applies to section 1452 is also unpersuasive. Section 1452 was enacted after section 1441(a) as an exception for bankruptcy jurisdiction. Applying the provisions of section 1441(a) to an exception of that very statute would frustrate the purpose of the section 1452 exception.

three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D.Cal.1997). Because the Court finds that removal was proper, and the MDL Panel has conditionally transferred this case, the Court **GRANTS** Defendants' Motion to Stay pending transfer to the MDL which is scheduled to become effective on September 10, 2003.

### CONCLUSION

Based on the foregoing, the Court: 1) **DENIES** Plaintiff's Motion to Remand or to Abstain; and 2) **GRANTS** Defendants' Motion to Stay.

**IT IS SO ORDERED.**