

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ISHA DEEN,<br><br>     Debtor. | BAP No.  SC-21-1035-BSF<br><br>Bk. No.  19-05815-CL13 |
| ISHA DEEN; KEVIN KHWAJA,<br>     Appellants,<br>v.<br>CHODRY DEEN; SANA DEEN; SIDRAH<br>DEEN,<br>     Appellees. | Adv. No. 19-90151-CL<br><br>**MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the Southern District of California
Christopher B. Latham, Chief Bankruptcy Judge, Presiding

Before: BRAND, SPRAKER, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Isha Deen ("Isha")[1] and Kevin Khwaja appeal an order granting appellees'

motion to reopen an adversary proceeding and remand what was a removed

action to the state court. During Isha's bankruptcy, she and Khwaja removed a

pending state court action to the bankruptcy court. After Isha dismissed her

---

 \* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

 [1] Because Ms. Deen and appellees share the same surname, we refer to each of the Deens by his or her first name to avoid any confusion. No disrespect is intended.

1

bankruptcy case, and after no one timely requested a continuance of the adversary proceeding, the clerk administratively closed the removed and undecided adversary proceeding, essentially leaving the state court action in limbo. Months later, appellees moved to reopen the adversary proceeding and asked that the state court action be remanded to the state court for decision. Over Isha and Khwaja's objection, the bankruptcy court granted both requests. Seeing no reversible error, we AFFIRM.

## FACTS

### A. The state court action

The facts pertinent to this appeal are undisputed. Isha, Sana, and Sidrah are sisters. Chodry, now deceased, was their father. Khwaja is Isha's husband. The six-year dispute between the parties centers on ownership interests in a residence known as the El Brazo property, where the parties reside together, or at least did at one time. On one side of the dispute is Isha and Khwaja, on the other is Sana and Sidrah (and perhaps Chodry's estate).

In 2016, Isha and Khwaja filed suit against Chodry, Sana, and Sidrah (collectively, the "Deen Family") in the state court alleging various claims concerning the El Brazo property, including quiet title. The Deen Family responded with a cross-complaint which included, among other things, a competing claim for quiet title (the "State Court Action"). The state court bifurcated the State Court Action, setting for trial only the cross-claim for quiet title. After a bench trial, the state court issued a decision regarding quiet title, which the parties appealed. The cross-appeal of the quiet title order was dismissed as interlocutory. A civil jury trial for the remaining claims in the State

2

Court Action was to begin in November 2019 but did not go forward due to Isha's bankruptcy filing.

**B. The bankruptcy filing and removal of the State Court Action**

Isha filed a chapter 13[2] bankruptcy case on September 28, 2019. She and Khwaja filed a notice of removal of the State Court Action, thereby commencing Adv. No. 19-90151. The Deen Family filed a Statement of Nonconsent in response to the removal and stated their intent to also file a motion to remand.

Prior to the deadline for the Deen Family to file a remand motion, Isha moved to dismiss her bankruptcy case. The bankruptcy court granted her request and entered an order dismissing the case on April 9, 2020. The main case was closed on June 8, 2020.

On April 10, 2020, the day after Isha's bankruptcy case was dismissed, the clerk issued a Notice to Parties under Local Rule 7041-2 in the adversary proceeding:

> NOTICE IS HEREBY GIVEN that the Bankruptcy Case No. 19-5815-CL13 has been dismissed and no further proceedings are to be taken in connection therewith. Pursuant to Local Bankruptcy Rule 7041-2(a), this adversary proceeding will likewise be **closed** unless a party files a motion seeking continuation of the adversary proceedings within seven (7) days of the entry of this notice.

(Emphasis added). No one sought a continuation of the adversary proceeding by the deadline. The clerk closed the adversary proceeding on May 18, 2020.

---

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Several months later, Isha allegedly filed a document in the state court claiming that she had unilaterally dismissed the State Court Action in her bankruptcy, and therefore the state court lacked jurisdiction. This prompted the chain of events which led to this appeal.

**C.     The motion to reopen and remand the State Court Action**

The Deen Family then filed a Request for Remand to State Court and Order for Remand. The next day, the bankruptcy court clerk issued a notice of error stating that the "case" was closed and instructing the Deen Family to file a motion under Rule 5010 to reopen it.

The Deen Family then filed a Motion to Reopen Case under Rule 5010 and a Request for Remand to State Court and Order for Remand ("Motion to Reopen and Remand"). They argued that, due to an "administrative error" by the clerk, the adversary proceeding was closed before a remand motion could be heard. The Deen Family argued that they thought the State Court Action automatically resumed at the state court upon the dismissal of Isha's bankruptcy case, so with that understanding, they argued, they had no reason to continue the adversary proceeding as instructed in the Notice to Parties.

The Deen Family argued that the adversary proceeding needed to be reopened for the purpose of obtaining a remand order, and that several factors weighed in favor of remand: (1) the removal was based solely on Isha's bankruptcy filing and was done for the purpose of forum shopping; (2) the claims at issue were state-law claims and the state court had expertise in those matters; (3) the State Court Action was a non-core, related-to proceeding; and

4

(4) the state court had spent years with the case and issued numerous related decisions, orders, and judgments.

Isha and Khwaja opposed the Motion to Reopen and Remand and requested a hearing. They argued that the Deen Family failed to provide any basis for the bankruptcy court to reopen the "dismissed" adversary proceeding months after the court-ordered deadline in the Notice to Parties had passed and no one had appealed the dismissal. Isha and Khwaja argued that the bankruptcy court lacked jurisdiction to reopen the dismissed adversary and that Rule 5010 was not a proper basis for reopening it. Isha and Khwaja additionally argued that reopening the adversary would cause them extreme prejudice because they had moved on with their lives and would now have to retain a new attorney to continue with the litigation. Despite their prejudice argument, however, Isha and Khwaja contended that the Deen Family could simply file a new complaint in the state court.

In reply, the Deen Family maintained that the adversary proceeding was administratively closed, not dismissed; no order of dismissal had been entered, and the clerk's Notice to Parties did not serve as one. The Deen Family argued that the bankruptcy court had jurisdiction to at least clarify that the State Court Action had automatically been remanded upon dismissal of the bankruptcy case, or to reopen the adversary and remand the State Court Action under Civil Rule 60.

At the hearing, the bankruptcy court noted that the adversary proceeding had been administratively closed, not decided or dismissed. Disregarding that statement, Isha continued to argue that it had been dismissed and that the

bankruptcy court lacked jurisdiction to grant any relief. The court then entered its oral ruling, and later its written order, granting the Motion to Reopen and Remand. First, the court determined that it had the discretion to reopen the adversary proceeding because no final order or judgment had been entered. It then proceeded to make findings supporting remand under *Citigroup, Inc. v. Pacific Investment Management Co. (In re Enron Corp.)*, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003). The court determined that, under the circumstances, the Deen Family's delay in filing the remand request was not unreasonable. This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1). We address our jurisdiction under 28 U.S.C. § 158 below.

## ISSUES

1.     Do we have jurisdiction over this appeal?

2.     Did the bankruptcy court abuse its discretion in reopening the closed adversary proceeding?

3.     Did the bankruptcy court abuse its discretion in granting remand?

## STANDARDS OF REVIEW

We review jurisdictional issues de novo. *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 903 (9th Cir. BAP 1999). We review de novo questions of subject matter jurisdiction. *Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279, 1284 (9th Cir. 2013). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

A bankruptcy court's decision whether to reopen an adversary proceeding is reviewed for abuse of discretion. *See Elias v. U.S. Tr. (In re Elias),* 188 F.3d 1160, 1161 (9th Cir. 1999) (reopening bankruptcy case). Decisions to remand under 28 U.S.C. § 1452 are also reviewed for abuse of discretion. *McCarthy v. Prince (In re McCarthy),* 230 B.R. 414, 416 (9th Cir. BAP 1999). A bankruptcy court's application of its local rules is reviewed for abuse of discretion. *See United States v. Heller,* 551 F.3d 1108, 1111 (9th Cir. 2009). A bankruptcy court abuses its discretion if it applies the wrong legal standard, or misapplies the correct legal standard, or if its factual findings are clearly erroneous. *United States v. Hinkson,* 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## DISCUSSION

### A. Threshold issues

The Deen Family raises several jurisdictional issues, including mootness, standing, and our purported statutory lack of authority to review the remand order.[3] First, they argue that the appeal is constitutionally and equitably moot. Other than saying this is so and citing a string of cases, the Deen Family fails to articulate a cogent argument for why the appeal is moot. They begin by arguing that remand of the State Court Action was automatic when Isha dismissed her bankruptcy case, and therefore this Panel is unable provide Isha and Khwaja with any effective relief. To begin, there is no "automatic" remand of removed state court actions. Further, if the Deen Family's argument were correct, there was no need for them to seek remand, and the bankruptcy court's efforts to

---

[3] A motions panel denied the Deen Family's previous motion to dismiss on these issues but permitted the parties to address them in their response and reply briefs.

7

grant remand were futile. To the extent they rely on amended Local Rule 7041-2(b)[4] to argue that the adversary proceeding was automatically remanded upon dismissal of the bankruptcy case, their reliance is misplaced. That rule was not in effect when Isha dismissed her bankruptcy case in April 2020, and the Deen Family has not articulated why the new rule should, or could, apply retroactively. The Deen Family has not met their burden to show that the appeal is moot. *Ederel Sport, Inc. v. Gotcha Int'l L.P. (In re Gotcha Int'l L.P.),* 311 B.R. 250, 254 (9th Cir. BAP 2004) (party asserting mootness has a "heavy burden" to establish that the court is unable to grant any effective relief).

Next, the Deen Family argues that Isha and Khwaja lack standing to appeal. Standing to appeal a bankruptcy court order is limited to "persons aggrieved" by the order. *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.),* 890 F.3d 1188, 1191 (9th Cir. 2018). A "person aggrieved" is one who is "directly and adversely affected pecuniarily" by the order. *Id.; see also Fondiller v. Robertson (In re Fondiller),* 707 F.2d 441, 443 (9th Cir. 1983). The Deen Family argues that Isha and Khwaja were not adversely affected by the bankruptcy court's order, because reopening the adversary proceeding had no legal effect and was only an administrative step to clarify the remand that was already effectuated once

---

[4] Local Rule 7041-2(a) & (b), effective December 1, 2021, provides:

(a) Except as provided in the following subsection, whenever a bankruptcy case is dismissed, any pending related adversary proceeding which a final judgment has not been entered will be closed unless a party files a motion seeking continuation of the adversary proceeding within 21 days of case dismissal.

(b) If the pending related adversary proceeding was removed from another court, it will be remanded to that court upon dismissal of the underlying bankruptcy case unless a party files a motion seeking continuation of the adversary proceeding in this Court within 21 days of case dismissal.

Isha dismissed her bankruptcy case. Again, the Deen Family is wrong about the purported automatic remand. Had the reopening not been granted, there would have been no remand order. And as parties to the State Court Action, Isha and Khwaja were clearly affected by the remand order. Thus, because Isha and Khwaja were affected by the reopening and the remand order, they have standing to appeal.

The Deen Family also challenges our authority to review the remand order. They argue that the statutory standard for remand under 28 U.S.C. § 1452(b) is "any equitable ground" and that a bankruptcy court's decision to remand under that provision is not reviewable by the court of appeals. But we are not the court of appeals. As a bankruptcy appellate panel, we may review a bankruptcy court's remand order under 28 U.S.C. §§ 1447(d) and 1452(b). It is further appellate review that is precluded. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995); *In re McCarthy*, 230 B.R. at 417.

Finally, and not raised by the parties, we note that orders granting a motion to reopen are interlocutory and not appealable as of right. *Wilborn v. Gallagher (In re Wilborn),* 205 B.R. 202, 206 (9th Cir. BAP 1996) (ruling that order granting reopening is interlocutory but treating notice of appeal as a motion for leave to appeal); *see also Vylene Enters., Inc. v. Naugles, Inc. (In re Vylene Enters., Inc.),* 968 F.2d 887, 889 (9th Cir. 1992) (we have a duty to determine our jurisdiction sua sponte). However, since the bankruptcy court also ordered remand of the State Court Action in the same order, which is a final decision, we have jurisdiction over this appeal.

**B.    The bankruptcy court did not abuse its discretion in reopening the adversary proceeding.**

Isha and Khwaja raise a variety of arguments on appeal which largely fall away because of their misguided belief that the adversary proceeding was "dismissed." To the contrary, the adversary proceeding was "administratively closed" – as the bankruptcy court pointed out.

Local Rule 7041-2(a) that was in effect at the time provided:

> Whenever a case is dismissed, any pending related adversary proceeding within which a final judgment has not been entered may be dismissed without prejudice and without further order of the Court, unless a party files a motion seeking continuation of the adversary proceeding within 7 days of case dismissal.

Contrary to Isha and Khwaja's argument, the prior Local Rule 7041-2(a) was not self-executing. It states that an adversary proceeding **may** be dismissed, not **shall**. Further, the Notice to Parties under Local Rule 7041-2 issued by the clerk after Isha's bankruptcy case was dismissed cautioned that the adversary proceeding would be **closed**, not dismissed, if no one sought a continuation within seven days of entry of the notice. The adversary proceeding was administratively closed on May 18, 2020.

While one can understand the confusion since Rule 7041 and Local Rule 7041 govern "dismissals" of adversary proceedings, the simple fact is the adversary proceeding here was administratively closed, not dismissed. There is no dismissal order on the docket. Thus, Isha and Khwaja's primary argument that the bankruptcy court lacked jurisdiction to reopen a dismissed adversary proceeding misses the point.

Focusing entirely on dismissal, Isha and Khwaja do not address whether the bankruptcy court had jurisdiction to reopen an adversary proceeding that lacked a final judgment and was administratively closed. In any event, we conclude that it did. The Ninth Circuit has held that an administrative closing has no legal consequence other than to remove the case from the court's active docket. It is an administrative convenience; it is not a dismissal or a final decision and has no jurisdictional significance. *Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) (discussing cases). Both the parties and the court have the power to reopen an administratively closed case. *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004); *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999).

Under 28 U.S.C. § 1334(b), the bankruptcy court has jurisdiction over any state court action that is "related to" a bankruptcy case. A state court action is related to a bankruptcy case if the outcome of that action could conceivably have any effect on the estate being administered in bankruptcy. *Great W. Sav. v. Gordon (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988). The prepetition claims Isha held against the Deen Family were property of the estate, and the outcome of that litigation, had she been successful, could have affected the administration of the estate. Thus, the State Court Action was "related to" the bankruptcy case.

The bankruptcy court still had related-to jurisdiction over the adversary proceeding after Isha's bankruptcy case was dismissed. The dismissal of an underlying bankruptcy case does not automatically terminate a bankruptcy court's jurisdiction over a removed state court action that was pending at the time of dismissal. *Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328

11

(9th Cir. 1992). Isha and Khwaja's reliance on *Sea Hawk Seafoods, Inc. v. Alaska (In re Valdez Fisheries Development Ass'n, Inc.)*, 439 F.3d 545, 548-49 (9th Cir. 2006), is misplaced. *Sea Hawk* held that a bankruptcy court may not assert jurisdiction over a related-to proceeding initiated **after** dismissal of the bankruptcy case. That is not the case here. The prepetition State Court Action was removed to the bankruptcy court while Isha's bankruptcy case was still pending. Consequently, the bankruptcy court had jurisdiction to consider and to grant the Deen Family's request to reopen the adversary proceeding.

Isha and Khwaja next argue that their due process rights were violated because the Deen Family cited only Rule 5010 as their basis for reopening the adversary proceeding, which the bankruptcy court agreed was not the correct rule. Unfortunately, the clerk's error notice incorrectly instructed the Deen Family to proceed with their reopening request under Rule 5010, but that rule applies to reopening bankruptcy cases, not adversary proceedings. However, that procedural irregularity has no consequence in this case.

Isha and Khwaja argue that they were not given notice of any other statute to which to tailor their reopening argument and this violated their due process rights. They are wrong for two reasons. First, there is no statute or rule for reopening an administratively closed adversary proceeding. Neither the Code nor the Rules provide any guidance. To the extent they argue it would be Civil Rule 60(b), which is incorporated by Rule 9024, they are incorrect. That rule applies only to final, appealable orders. *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). As noted above, an administrative closing is not a final, appealable order. Second, Isha and Khwaja adequately challenged the

reopening of the adversary proceeding in their 328-page opposition and at the hearing, regardless of the cited rule error. As such, they were not denied due process. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (fundamental question for due process is whether appellant received any type of notice that was reasonably calculated under all the circumstances to apprise it of the pendency of the action and afford it an opportunity to present an objection).

Accordingly, we conclude that the bankruptcy court did not abuse its discretion in reopening the adversary proceeding.

## C. The bankruptcy court did not abuse its discretion in granting remand.

A bankruptcy court may remand a claim or cause of action related to a bankruptcy case on any equitable ground under 28 U.S.C. § 1452(b). The statute gives the bankruptcy court a broad grant of authority to remand a previously removed claim or cause of action "on any equitable ground."

A bankruptcy court may consider any of the following 14 factors in determining whether to remand to the state court the claim or cause of action concerned:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in the state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Nilsen v. Neilson (In re Cedar Funding, Inc.)*, 419 B.R. 807, 820-21 & n.18 (9th Cir. BAP 2009) (citing *In re Enron Corp.*, 296 B.R. at 508 n.2).[5] The bankruptcy court determined that several of these factors supported remand of the State Court Action: (1) state law issues predominated; (2) there was no other basis for

---

[5] The first 12 of these factors are found in the Ninth Circuit case *Christiansen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1990), applying them to permissive abstention. The bankruptcy court stated that it was also applying permissive abstention in its decision to remand. However, neither mandatory nor permissive abstention was applicable here, as those provisions do not apply when a state court action has been removed to federal court. This is because abstention requires the existence of a parallel state court proceeding. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997). Upon removal, the state court proceeding has been extinguished. *Id.* at 1010. The parties do not raise this issue. However, we conclude that the

14

jurisdiction other than the bankruptcy filing; (3) there were several nondebtor parties; (4) the State Court Action lacked relatedness to the main bankruptcy case; and (5) the Deen Family could be prejudiced if their claims were not remanded and they had to file a new complaint, because the statute of limitations could have run on some or all of their claims. The bankruptcy court also observed that the State Court Action would have gone to final judgment had it not been removed.

Other than erroneously arguing that the bankruptcy court lacked jurisdiction to remand the State Court Action because the adversary proceeding was dismissed, Isha and Khwaja offer little argument for how the bankruptcy court abused its discretion in granting remand. They do not challenge the court's overall factual findings supporting remand under *Cedar Funding*/*Enron* or argue that that the court applied an incorrect legal standard. At best, they claim that the bankruptcy court failed to consider the prejudice that would result to them by remanding the State Court Action and considered only the resulting prejudice to the Deen Family if the State Court Action was not remanded. We disagree. The court did consider prejudice to both parties but decided the prejudice to the Deen Family outweighed any potential prejudice to Isha and Khwaja.[6]

---

court's error here was harmless because it also considered the appropriate factors for remand.

[6] Isha and Khwaja argue that remanding the State Court Action without also remanding the removed and "intertwined" legal malpractice claim that was the subject of another adversary proceeding was prejudicial. To the contrary, since no final judgment was entered in that matter either, they are free to request a reopening and remand of it too.

Further, their argument that they would suffer "extreme prejudice" if the State Court Action was remanded is undermined by Isha's statement at the hearing that, rather than remand, she wants the Deen Family to refile their cross-claims. We, as did the bankruptcy court, fail to see how remanding the State Court Action as opposed to the Deen Family refiling the same claims in the state court would result in prejudice to Isha and Khwaja. Either way, they are defending themselves against a lawsuit. If the statute of limitations has run on the Deen Family's cross-claims, the prejudice would be to the Deen Family, not Isha and Khwaja.

Lastly, Isha and Khwaja argue that their due process rights were violated because they did not receive adequate notice that a request for remand would be at issue at the hearing and were denied any further briefing regarding remand. We disagree. The Deen Family's notice and brief in support clearly stated that remand was at issue, and the motion itself was titled "Defendants' Request for Remand to State Court and Order for Remand." Isha and Khwaja's opposition expressly argued against remand and asked the court to deny the request. Their hearing notice also acknowledged that a request to remand would be the subject of the hearing. And Isha argued against remand at the hearing. Consequently, Isha and Khwaja received sufficient due process. *Mullane*, 339 U.S. at 314.

While the bankruptcy court must generally refrain from considering the merits of the underlying dispute on a motion to reopen, *In re Menk*, 241 B.R. at 916, it is not prohibited from doing so when a motion to reopen is combined with another substantive motion that is briefed and argued by the parties, *see*

16

*ITT Fin. Servs. v. Ricks (In re Ricks)*, 89 B.R. 73, 75 (9th Cir. BAP 1988) (panel reviewing bankruptcy court order granting both a motion to reopen the bankruptcy case and a motion to avoid liens). Further, the bankruptcy court did not finally determine the parties' claims or rights; it simply remanded all matters to the state court for decision. Even if it was improper for the bankruptcy court to consider remand at this point, it is not clear what arguments Isha and Khwaja could have raised in further briefing that would have changed the outcome.

In summary, we see no abuse of discretion by the bankruptcy court in reopening the adversary proceeding. It also applied the correct law regarding remand, and its findings for remand are not clearly erroneous.

## CONCLUSION

For the reasons stated above, we AFFIRM.