

FILED

DEC 27 2023

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ALICIA MARIE RICHARDS,<br><br>       Debtor. | BAP No. CC-23-1007-LGF<br><br>Bk. No. 8:21-bk-10635-SC |
| ALICIA MARIE RICHARDS;<br>LAWRENCE REMSEN,<br><br>       Appellants,<br><br>v.<br><br>RICHARD A. MARSHACK, Chapter 7<br>Trustee,<br><br>       Appellee. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Scott C. Clarkson, Bankruptcy Judge, Presiding

Before: LAFFERTY, GAN and FARIS, Bankruptcy Judges.

## INTRODUCTION

Appellants Alicia Marie Richards ("Richards") and her father

Lawrence Remsen ("Remsen") (jointly "Appellants") appeal (1) the

bankruptcy court's order sustaining the chapter 7[1] trustee's objection to

---

* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1532, and "Rule" references are to the Federal Rules

1

Remsen's proof of claim ("POC"); and (2) the bankruptcy court's order granting Remsen's request to consider his late filed opposition to the trustee's objection but denying his request to continue the hearing. Richards has no standing to appeal the orders as discussed below. As to Remsen, we discern no error by the bankruptcy court. We therefore DISMISS this appeal as to Richards and AFFIRM as to Remsen.

FACTS[2]

## A.    Background

Richards filed her chapter 7 petition on March 12, 2021. Richard Marshack was appointed trustee (the "Trustee"). Remsen filed four seriatim proofs of claim: POC 10-1 in August 2021, POC 10-2 in September 2021, POC 10-3 in October 2021, and POC 10-4 in September 2022. POC 10-4 is the subject of this appeal.

In each of the versions of the POC, Remsen claimed a debt of $1,750,000 as alleged damages arising from breach of a contract he allegedly had with his daughter, Richards. The Trustee filed an objection to POC 10-3 in June 2022. In response, Remsen filed an adversary complaint against Richards and others seeking declaratory relief based on the asserted breach of contract. A week before the hearing on the objection to POC 10-3, Remsen filed POC 10-4. POC 10-4 is, in substance, a duplicate of

---

of Bankruptcy Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

POC 10-3 except that as to question 9 on the POC form, Remsen identified the claim as secured based on "Possession of Deed of Trust, Lis Pendins [sic]." He included the same documents with POC 10-4 as he attached to POC 10-3 but he also included a deed of trust executed by his daughter about a year before the bankruptcy filing, a notice of lis pendens, the adversary complaint, and Richards' answer to the complaint.

The bankruptcy court sustained the Trustee's objection to POC 10-3, disallowing POC 10-1 and POC 10-2 in the same order (the "POC 10-3 Order"). The next day, the bankruptcy court dismissed the adversary complaint with prejudice.

The Trustee thereafter filed an objection to POC 10-4 setting it for hearing about 30 days later. The day before the hearing, Remsen filed a 25-page opposition to the objection which included a plea for leave of court to consider his then late-filed opposition and a request to continue the hearing. The bankruptcy court denied the request for continuance but permitted consideration of the late-filed opposition.

Remsen's request for a continuance was based on his incarceration at the time and his alleged inability to receive his mail timely. His opposition to the Trustee's objection to POC 10-4 argued that the bankruptcy court lacked subject matter jurisdiction because the POC 10-3 Order was on appeal. He argued that the appeal divested the bankruptcy court of jurisdiction "over the subject matter of the appeal." He further argued that the Trustee lacked standing "to attack this secured contract claim as it

occurred prior to and after the statute of limitations under 11 U.S.C. § 546(a) which is not subject to equitable tolling."

The bankruptcy court denied the request for continuance stating:

> Mr. Remsen's arguments in connection with any Court determination of Mr. Remsen's claims have generally been repeated and reasserted in connection with other contested matters in this bankruptcy proceeding, as well as in the related adversary proceedings, further contributing to this Court's knowledge. A continuance would not aid the Court in its determination of this matter.

It also disagreed with Remsen's subject matter jurisdiction argument stating:

> Mr. Remsen's appeal of the order sustaining the Chapter 7 Trustee's objections to his earlier filed proofs of claim does not divest this Court of jurisdiction to determine this objection as it pertains to a separate amendment (Proof of Claim, No. 10-4). *Marino v. Classic Auto Refinishing, Inc. (In re Marino)*, 234 B.R. 767, 769–70 (9th Cir. BAP 1999) ("A pending appeal divests a bankruptcy court of jurisdiction to vacate or modify an order which is on appeal.["]). Thus, the Court's ruling on this matter does not affect the prior order, and thus, does not affect the pending appeal.

The bankruptcy court's order sustaining the Trustee's objection to POC 10-4 (the "POC 10-4 Order") was almost identical to the POC 10-3 Order. The POC 10-4 Order contained few findings but stated that "for the reasons stated on the record," the POC was disallowed. The POC 10-4 Order also stated in part,

4

[p]ursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure, Remsen has no secured claim because the alleged contract contains no granting language and, by failing to record any document, Remsen did not perfect any alleged interest. The secured amount of Remsen's alleged claim is determined to be $0.00.

Richards filed no opposition to the Trustee's objection to POC 10-4 and did not appear at the hearing.

## B.      The appeal

Remsen filed his opening brief in this appeal on May 23, 2023 focusing solely on an earlier order authorizing a sale of real property of the estate. The sale order was previously appealed to and affirmed by the BAP. *See Richards v. Marshack (In re Richards)*, BAP Nos. CC-21-1262-SGL, CC-21-1266-SGL, 2022 WL 16754394 (9th Cir. BAP Nov. 7, 2022). Remsen's opening brief provides no arguments or discussion of any kind about the POC 10-4 Order or the bankruptcy court's refusal to grant him a continuance of the hearing. The brief is executed by Remsen alone and makes no arguments on behalf of Richards. Remsen filed no excerpts of record or transcripts with his brief.[3]

The Trustee's responding brief notes Remsen's failure to argue the POC 10-4 Order, suggesting that Remsen was treating this appeal as an attempt to collaterally attack the previous sale order. He requests that the

---

[3] A week later, on June 2, 2023, Remsen filed a motion with the BAP seeking permission to proceed without the written and oral record. The Trustee did not respond to the motion. As discussed below, the BAP entered its order on July 10, 2023 after

appeal be dismissed on the basis that the Notice of Appeal was not signed and may have been prepared by Richards, a non-attorney. The Trustee's responding brief itself makes no arguments about the substance of the POC 10-4 Order or the request for continuance.

As to Richards, the Trustee argues that Richards has no standing because the estate is "administratively insolvent"[4] and because she filed no opposition to the Trustee's objection and did not attend the hearing. The Trustee included with his responding brief a copy of his objection to POC 10-4 and Remsen's opposition along with a few other pleadings.

Three weeks later, Richards filed a separate 9,600-word "opening brief" on her own behalf focusing on the POC 10-4 Order. She argued that she has standing to appeal because the POC 10-4 Order "affects her rights." She argued that the bankruptcy court "lacked jurisdiction" with respect to the POC 10-4 Order, failed to apply the correct legal standard, and failed to make sufficient findings to support the relief granted in the order.

After Richards filed her separate opening brief, Remsen and Richards jointly filed a request to extend time to file their reply briefs. The BAP entered an order which concluded:

> IT IS ORDERED THAT Remsen's May 23, 2023, opening brief and Richards' June 27, 2023, opening brief are ACCEPTED FOR FILING. The Panel will consider the documents filed in the bankruptcy court in deciding this appeal. If appellants do

receiving both the Trustee's responding brief and Richards' separate opening brief.

[4] The Trustee's brief offers no details to support the insolvency statement.

not file copies of all necessary transcripts with the bankruptcy court, the Panel may assume that there is nothing in the transcripts that appellants believe will help their position on appeal and may either dismiss or summarily affirm the appeal for failure to provide the necessary transcripts. . . . Appellants' reply brief(s) must be filed no later than Thursday, July 27, 2023.

On July 28, 2023, Remsen and Richards filed a 9,987-word, 44-page joint reply brief focusing on the POC 10-4 Order and responding to the Trustee's arguments in his brief. The reply brief notes in footnote 1 that "Remsen accidently [sic] identified the wrong order on appeal" - apparently meaning in his opening brief. It states that Remsen's legal papers were damaged by storms and that he does not have access to the bankruptcy docket, presumably because he is incarcerated.

On August 14, 2023, Richards filed with the BAP a "notice of pending emergency motion before the district court" which included a copy of the motion asking the district court, among other things, to permit her to file with the BAP a "statement of evidence in lieu of transcript re Trustee's objection to Remsen's claim." She attached a copy of the statement of evidence in lieu of transcript to the district court motion. The notice stated, "Debtor does not believe there is anything in the reporter's transcripts other than the court stating it was adopting the Trustee's arguments set forth in his motion as the ruling of the court . . . ."

Thereafter the BAP entered its order which provided that, given Richards' belief that a transcript of the bankruptcy court hearing was not

necessary, no further filings would be accepted. It also found that the appeal was suitable for submission on the briefs pursuant to Rule 8019.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err in sustaining the Trustee's objection to Remsen's POC 10-4?

Does Richards have standing to appeal the POC 10-4 Order?

Did the bankruptcy court err in denying Remsen's request for a continuance of the hearing on the Trustee's objection to POC-10-4?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's conclusions of law. *Parks v. Drummond (In re Parks),* 475 B.R. 703, 706 (9th Cir. BAP 2012). We also review de novo questions of standing. *Motor Veh. Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.),* 677 F.3d 869, 879 (9th Cir. 2012). Under de novo review, we "consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis),* 505 B.R. 914, 917 (9th Cir. BAP 2014).

Whether compliance with a given statute or rule has been established is generally a question of fact, which we review for clear error. *Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.),* 178 B.R. 222, 225 (9th Cir. BAP 1995) (compliance with Rule 3001 is a question of fact reviewed

8

for clear error), *aff'd,* 91 F.3d 151 (9th Cir. 1996) (table). Whether there was compliance with Rule 3007 is also a question of fact reviewed under the clearly erroneous standard. *S.G. Wilson Co, Inc. v. Cleanmaster Indus., Inc. (In re Cleanmaster Indus., Inc.),* 106 B.R. 628, 631 (9th Cir. BAP 1989). Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz),* 606 F.3d 1189, 1196 (9th Cir. 2010).

We may affirm on any basis supported by the record. *Black v. Bonnie Springs Family Ltd. P'ship (In re Black),* 487 B.R. 202, 211 (9th Cir. BAP 2013).

## DISCUSSION

**A.    The bankruptcy court did not err in sustaining the Trustee's objection to POC 10-4 or in denying Remsen's request for a continuance.**

We have little to no record on which we can review the bankruptcy court's orders being appealed. As the POC 10-4 Order noted that the claim was disallowed "[f]or reasons . . . as stated by the Court on the record," our ability to review the transcript is crucial to our evaluation of the appeal. We have not been provided with the transcript of the hearing and have been advised that Appellants believe there is nothing in the transcripts which would support their positions. When findings of fact and conclusions of law are made orally on the record, a transcript of those findings is mandatory for appellate review. *McCarthy v. Prince (In re McCarthy),* 230 B.R. 414, 416-17 (9th Cir. BAP 1999).

9

The burden of presenting a proper record to the appellate court is on the appellant. *Kritt v. Kritt (In re Kritt),* 190 B.R. 382, 387 (9th Cir. BAP 1995). Unless the record before the appellate court affirmatively shows the matters on which the appellant relies for relief, the appellant may not argue those matters on appeal. 10 Collier on Bankruptcy ¶ 8009.06[1] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev 2015); *Everett v. Perez (In re Perez),* 30 F.3d 1209, 1217 n.12 (9th Cir. 1994). The failure to provide an adequate record may result in dismissal of the appeal or a waiver of issues dependent upon the record. *In re McCarthy*, 230 B.R. at 414, 416-17.

Further we are unable to consider either appellate issue because Remsen's opening brief made no relevant substantive argument about the POC 10-4 Order or the request for a continuance. We will not consider arguments in Remsen's and Richards' "reply" briefs since they raise issues not included in Remsen's opening brief. An appellate court generally will not consider an issue raised by appellant for the first time in a reply brief. *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010). An exception to that rule arises when the appellee has briefed the "new" issues in the responding brief. *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 n.10 (9th Cir. 2002) (citing *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992) (per curiam)). But the Trustee did not brief the issues surrounding POC 10-4 or the continuance in his responding brief and therefore Appellants' arguments have been waived.

Even if we were to consider the substance of Appellants' "reply briefs," we would easily affirm the POC 10-4 Order based on the POC 10-3 Order. "The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Because there is no substantive difference between POC 10-3 and POC 10-4, the bankruptcy court properly refused to reconsider its ruling sustaining the Trustee's objection to POC 10-3.

**B.      Richards had no standing to oppose the Trustee's objection.**

Richards argues that she has standing to appeal because the POC 10-4 Order "affects her rights" and that she has a "legitimate interest" in the adversary proceeding. She offers no facts to support these assertions and cites only California cases. The Ninth Circuit has recently clarified the issue of standing in the bankruptcy context, reviewing the historical standard that to have standing a party must be a "person aggrieved." In *Clifton Capital Group, LLC v. Sharp (In re East Coast Foods, Inc.)*, 80 F.4th 901, 906 (9th Cir. 2023), *as amended* (Sept. 14, 2023), the Ninth Circuit reaffirmed that a person must establish Article III standing before the person aggrieved standard becomes relevant. To have Article III standing in federal court, a person must show that she has: "(1) suffered an 'injury in fact' that is concrete, particularized, and actual or imminent, (2) the injury is 'fairly traceable' to the defendant's conduct, and (3) the injury can be 'redressed

11

by a favorable decision.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Richards has offered no facts to suggest that her "injury" is sufficient to meet the Article III factors set forth in *East Coast Foods* if for no other reason than that the disposition of this matter in a thoroughly insolvent estate cannot affect her economically in any material way. It is her burden to establish Article III standing and without that we lack subject matter jurisdiction to consider her appeal.

We recognize that a chapter 7 debtor may have standing when it is likely there will be a surplus bankruptcy estate. *Duckor Spradling & Metzger v. Baum Tr. (In re P.R.T.C., Inc.)*, 177 F.3d 774, 778 n.2 (9th Cir. 1999) ("Ordinarily, a debtor cannot challenge a bankruptcy court's order unless there is likely to be a surplus after bankruptcy."). The Trustee asserts that there is likely to be insufficient funds even to pay the administrative expense creditors in this case and Richards makes no attempt to dispute that assertion.

## CONCLUSION

For the reasons set forth above, we DISMISS this appeal as to Richards and AFFIRM as to Remsen.